ELIJAH J. BRYAN, APPELLANT, VS. HENRY LONG, APPELLEE.

A suit in equity cannot be maintained for the purpose of enjoining the levy and sale of personal property under an execution, and for the recovery of damages for the detention, on the ground that the property is exempt from such levy. Ample redress may be had at law.

Appeal from the First Judicial Circuit for Jackson county. The opinion of the Court contains a statement of the case.

*D. L. McKinnon* for Appellant.

*J. F. McClellan* for Appellee.

RANDALL, C. J., delivered the opinion of the Court.

This is an appeal from an order granting an injunction. In March, 1872, complainant Long bought a buggy and harness of Bryan and gave therefor a note payable in November, signed by complainant and one Harden. The note contained a stipulation that all the property of the makers should be subject to levy and sale to satisfy the debt, waiving and relinquishing all benefit of any law exempting the same from levy and sale. Judgment was afterwards entered upon the note, and by virtue of an execution the sheriff,

Finlayson, levied upon a horse and the buggy as the proper-
ty of Long. Long claimed the property as exempt from
levy and sale by virtue of the constitution and laws of Flori-
da. Finlayson returned the execution with the levy indorsed,
and further returned that he had released the property from
levy, it having been claimed as exempt from sale. This
was June 23, 1873.

The complainant alleges these facts in his bill, and states
further that the sheriff, notwitstanding this release, held
possession of the property, and refused to deliver it to com-
plainant until his expenses, incurred in appraising his pro-
perty, were paid. And that afterwards Bryan applied to
the county Judge for an order requiring complainant to ap-
pear and answer concerning his property, &c., and that
such proceedings were had thereupon that the Judge decided
and adjudged that all complainant's property was subject to
levy and sale by virtue of the stipulation in said note waiv-
ing the benefit of exemption, and that the sheriff is about to
sell the property to satisfy the execution, and that mean-
time the sheriff is using the horse and buggy for his own
private purposes, wearing them out and rendering them of
little value. Prayer for injunction to restrain the sale, for
a return of the property to complainant, for an account to
be taken of the value of the property, its use, &c., and that
he be paid the same.

In other words, this is an action of replevin brought in
the form of a bill in chancery.

The action of the County Court affords no ground of
jurisdiction in a court of equity. The whole question both
as to the action of the County Court, the duty of the sheriff
and the right of the plaintiff, may be determined in an
action of replevin for the property or in an action on the
case for damages.

Of course we cannot here decide the principal question,
as the whole matter belongs to a court of law. The defen-
dant's demurrer to the bill should, upon that ground, have

been sustained. Under our statutes, (Thomp. Dig., 388,) replevin will lie against an officer who levies upon property exempted from levy, and a writ of replevin would perform all the offices of the injunction sought. Moreover, it must be an extraordinary case which warrants the issuing of a writ of injunction to prevent a trespass in regard to personal property.

Were this case properly here, I might feel the same kind of embarrassment which was experienced by a French Judge when a youth, convicted of murdering his own father and mother, appealed for mercy on the ground that he was a poor orphan. Here the complainant admits that he bought Bryan's property on credit, failed to pay for it, and now asks a court of equity to aid him in preventing his creditor from securing his pay out of the very property which the complainant has not paid him for. Such a perversion of fair dealing, however it may be justified under the *sic dixit lex* of our beneficent exemption laws, would not strike a sympathetic chord in a court of conscience.

The order allowing an injunction must be set aside and the cause remanded with directions to dismiss the bill.