MICHAEL BOWES, ET AL., APPELLANTS, VS. HALSTED H. HOEG,
RESPONDENT.

1. To justify allowing an injunction where the affidavit to the bill is by
   counsel, it must be such an affidavit as does not leave it to the counsel to determine for himself what facts he swears to. Where such an affidavit is positive and direct to no material allegation in the bill, an injunction should not be granted.
2. A stockholder, having no claim upon particular funds of a corporation, cannot, as against the action of himself and the corporation, get an injunction upon a claim of property in himself in such funds.
3. Equity will not decree the return of a particular chattel, unless it is of peculiar value and character.
4. To an amended bill the defendant has a right to interpose a new demurrer, notwithstanding a previous demurrer to the original bill has been overruled.

Appeal from the Circuit Court of the Fourth Judicial Circuit, Duval county.

The bill in this case was filed in February, 1875, by H. H. Hoeg. It alleges substantially that the complainant, with John S. Sammis, Otis L. Keene, Michael Bowes, John Clark and A. M. Reed, in January, 1874, associated themselves together and became incorporated as a company under the act of August 8, 1868, as the Jacksonville Gas Light Company, of Jacksonville; that the gas works proposed to be operated by this company had been constructed in 1860, and that plaintiff, Hoeg, was the principal contributor to its construction, having expended eleven or twelve thousand dollars to start the business; and that this original association was incorporated in 1860. That the capital stock of the Jacksonville Gas Light Company, incorporated in January, 1874, consisted of one hundred and eighty-seven (187) shares, and that plaintiff is interested in such stock as follows: seventy-four shares of stock standing in his own name, twenty-five standing in the name of his wife, and five shares in the name of the estate of D. L. Palmer, deceased, plaintiff being his administrator. That there was one share

in the name of M. Bowes, and one share in the name of Miles Price, which said shares were placed in their names by plaintiff to make them stockholders, in order that they might become directors of said company. That plaintiff was the lessee of said works for the year 1874; that for the year 1875 John S. Sammis was elected president of said company, plaintiff secretary and treasurer, and Miles Price, Michael Bowes, Otis L. Keene, John S. Sammis, and plaintiff, were elected directors. That on the 31st day of December, A. D. 1874, it was resolved, at a directors' meeting, "that the president and secretary of the company be authorized to run the works on account of the company, and employ such officers and employees as may be necessary in the management of the same, until the further action of the directors," the minutes of the meeting being signed by John S. Sammis, president, and by plaintiff as secretary. That on the 30th day of January, A. D. 1875, in the absence of plaintiff, the said directors held a meeting in the city of Jacksonville, and, without a majority of the stock being represented, and with three directors present—Sammis, Keene and Bowes—a proposition was entertained from Bowes to lease the gas works from the 1st day of January, A. D. 1875, to the 1st day of January, A. D. 1876, at two hundred and fifty dollars, and said proposition was accepted, Bowes being required to give satisfactory bonds for the faithful performance of his contract; that the minutes of said meeting were signed by Sammis as president, and by Keene as *secretary pro tem.;* that a bond was given by Bowes, Keene and Sammis, and approved by Bowes, Keene and Sammis, directors. That the meeting at which this proposition was submitted was held January 30th, and the bond purported to have been executed on the 1st of January, and approved February 1st. That said Bowes, under this contract, has collected large amounts of the gas bills for the month of January, 1875. That after the 31st December, 1874, the gas works were carried on by plaintiff;

Bowes v. Hoeg.

that, in order to do so, he purchased upon his individual account a large amount of material, and this material he is informed is now bing used and consumed by said Bowes in running the gas works under his contract; that said Bowes is "not pecuniarily responsible," and that plaintiff will suffer irreparable injury if said Bowes is permitted to use said material, and that plaintiff "ran the gas business for the month of January, 1875, at his own expense." Omitting deductions and conclusions, these are substantially the facts alleged in the bill.

Plaintiff prayed an injunction restraining Bowes, Sammis and Keene from interfering with the material, his individual property, from collecting bills due for gas for the month of January, 1875; for an order in the nature of a *mandamus* to pay over to him all moneys collected on the bills for January, 1875; that the lease of Bowes would be decreed to be void; that the works may be placed in the hands of a receiver; that a dissolution of the corporation be decreed, and a full settlement of its affairs be had. The verification of the bill is set out in the opinion, and it is not deemed necessary to insert it here.

The bill is marked filed the 13th of February, 1875. On the 11th of February, 1875, the Judge granted an injunction restraining the defendants from collecting the gas bills of January, 1875, enjoining the use of the material alleged to be the property of the plaintiff, enjoining Bowes from parting with any money collected by him on the January bills, requiring Bowes to give bond to pay said bills already collected to plaintiff, if so directed by the court. This order was made after notice. On the 18th of February defendants filed a general demurrer to the bill. On the same day complainant filed a notice of motion to be made on March rule day for the appointment of a receiver, cancellation of the lease, and other relief prayed in the bill. At the same time "notice of setting down defendants' demurrer on March rule day was given." The demurrer was

heard at that time, and was overruled. The court then granted leave to complainant to amend his bill " by adding new parties and affidavit of complaint."

On the 13th of March the complainant filed an amended bill, which is the same as the original bill, except that the prayer for receiver and dissolution and settlement of the affairs of the company is omitted, and the bill is verified by complainant instead of his counsel. On the same day complainant filed notice of motion to be made for an order to set down the time for filing an answer. Upon the hearing of this motion, on the 8th of March, the court ordered the defendants to file their answer to the bill within five days from date. On the 13th of March the clerk of the court, at the direction of the complainant, entered an order taking the bill for confessed. On the same day the defendants filed a demurrer to the amended complaint, setting up as cause of demurrer want of equity in the bill; that all the stockholders were not made parties; that there is full and adequate remedy for the alleged wrong by calling a meeting of the stockholders under the charter; that the remedy of the complainant is against the company, and not against the directors; that his remedy to recover the personal property is at law. Other grounds were taken, but it is unnecessary to mention them, as they are matters of argument rather than propositions of law arising upon the facts stated in the bill.

On the 15th of March the complainant filed a notice of motion to strike the demurrer from the files, and for a final decree upon the order taking the bill for confessed. On the 17th of April it was ordered that the second demurrer be stricken from the files, and that final decree be not granted.

On the 20th of April the defendants enter their appeal from all of these orders made during the progress of the cause to this court.

*Fleming & Daniel* and *Ives & Dawkins* for Appellants.

*Cooper & Ledwith* for Appellee.

WESTCOTT, J., delivered the opinion of the court.

The first order made in this cause, and which the appeal brings to our attention, is the order granting an injunction. The objection that the bill was not properly verified to entitle complainant to an injunction was well taken. The affidavit upon which the injunction is based was made by plaintiff's counsel, and is as follows :

"STATE OF FLORIDA, DUVAL COUNTY.—Personally appeared Charles P. Cooper, one of the complainant's solicitors to the foregoing bill of complaint, who, being duly sworn, deposes and says: That the statements made in the said bill, as far as the same are disclosed by the minutes and records of said gas light company, and in so far as the same have come otherwise *directly* to deponent's knowledge, he knows to be true, and all else he believes to be true."

This affidavit is positive and direct as to no single material fact. The truth of what is sworn to by the counsel is placed upon two conditions : that it should appear by the records and minutes of the corporation, and that the facts must have come *directly* to his knowledge. What the records and minutes show, according to his view of the case, is nowhere disclosed ; and that a single fact has come *directly* to his knowledge, is nowhere alleged or shown. Such a verification is not sufficient to justify the court in granting an injunction. (9 Paige, 304, 306 ; 7 Paige, 157.)

It cannot be said, from anything that here appears, that the party making this affidavit claims to have any personal knowledge of a single material fact alleged in this connection.

Independent of this technical objection, there is no equity in the bill, so far as it seeks the recovery of specific personal

property of Bowes; nor is there any equity, as against Bowes, in the matter of the bills due for January, 1875.

Equity will not decree the return of a particular chattel, unless it is of peculiar value and character. The remedy is at law. As to the bills due for gas furnished in January, and which it is alleged that Bowes is collecting under an agreement with the company, the bill itself alleges that the directors, with the assent of the plaintiff, on the 31st December, 1874, ordered that the president and secretary of the company be authorized to run the works *on account of the company*, until the further action of the directors, and no further action of the directors upon the subject is alleged until the 30th of January, 1875, when the lease was made to Bowes. It is unnecessary for us to say anything as to the validity of this lease. That a majority of a quorum of the directory could give him authority to collect the bills for the company, we have no doubt. The bills during the month of January appear to belong to the company, and if the works were run by the plaintiff, as he alleges, he must have run them as the agent of the company. This is the only reasonable construction and effect to be given to these allegations of the bill. His lease and individual control, even granting the power of this corporation to execute a lease, ended with the year 1874. Such an order could be made at the suit of the company, or at the suit of a stockholder, showing a proper case for injunction against the corporation and Bowes, but not at the suit of a stockholder claiming the fund as his own against the corporation to whom it belongs.

Upon the face of the bill there are not facts alleged justifying an injunction, and neither what is called the mandatory order, or the injunction, or the order requiring at the hands of Bowes bond for moneys collected, are proper. After the order granting the injunction was passed, the defendants, before the next rule day, (the time at which they were required to file a demurrer, answer, or plea,) filed a

general demurrer to the bill, and upon the same day the plaintiff entered an order setting down the demurrer to be argued on the next rule day. The demurrer was heard and overruled. Upon overruling the demurrer, in the absence of any order, the defendant must have answered the bill by the next rule day, or the court could have required, in its discretion, an answer to be filed at an earlier day. (Rule 51, Equity Practice.) No such order, however, was made, but, instead thereof, on the same day leave was granted plaintiff to amend his bill "by adding parties thereto, and adding affidavit of complainant." On the 13th of March the plaintiff filed an amended complaint. No new parties were made, and the only difference in the amended and original bill was that the amended bill was verified by the plaintiff, and so much of the prayer of the original bill as asked for a receiver and dissolution of the corporation was omitted.

Upon motion, the defendants were ordered to file their answer to this amended pleading within five days. Before the expiration of five days the defendants filed a demurrer, and before the expiration of the five days the plaintiff entered an order taking the bill as confessed. The demurrer is stricken from the files. The technical construction of the word "answer" in this connection is immaterial. The court should not, upon the filing of the amended bill, limit the right to filing an answer as distinct from a demurrer.

Upon the amendment of the bill, defendants had a right to interpose a new demurrer. The authorities upon this question go to the extent of saying that "the circumstance of the amendment being of the most trifling extent, will not, it seems, make any difference." (4 Sim., 573; 2 Bro., C. C., 66; 2 Dick., 672; 1 Smith's Chan. Prac., 2 Am. ed., 214; 1 Hoff. Chan. Prac., 216; 9 Porter, 697; 10 Geo., 113.)

The judgment of this court is:

That the injunction and mandatory orders granted in this cause on the 11th day of February, the order of the 8th of

March, requiring defendants to file their answer to the bill of complaint in five days, the order taking the bill for confessed, and the order striking the second demurrer from the files, are reversed and set aside, and the case is remanded to the court below, where it will stand for hearing upon the second demurrer.