J. E. A. DAVIDSON, ET AL., APPELLANTS, VS. M. B. FLOYD, APPELLEE.

1. A County Judge, as Judge of Probate, has no authority to issue an execution for costs and fees, except upon a judgment or order establishing the liability of the party and the amount due.

2. A bill in equity for an injunction will not lie for a mere trespass or wrongful withholding of chattels levied on by a sheriff under a void execution, the remedy being entirely adequate by a suit at law.

Appeal from the Circuit Court of Gadsden county.

*Stephens & Love* for Appellants.

This is an appeal from the Circuit Court of Gadsden, in the second Judicial Circuit. The appellant, as Judge of Probate, having issued execution against appellee for costs accruing under his petition to have an administrator appointed upon the estate of R. F. Stubbs, deceased, and, by virtue of said execution, the sheriff of Gadsden county having levied upon the property of appellee to satisfy the same, he filed his bill in chancery to restrain the parties from further proceedings and vacating the same, which was accordingly done.

It is contended on the part of the appellant that the court below, sitting as a Court of Chancery, had no jurisdiction of the subject-matter, the appellee having plain, adequate and complete remedy without resorting to a court of chancery. The appellee had his remedy under the statute. 4 Hen. and Mun., page 423; Thompson's Digest, page 360, Sec. 6.

There was no irregularity in the execution, courts of probate, in this State, being fully authorized to issue execution for costs accruing in their courts. Acts of 1848, page 29, Chapter 157, Section 5.

A court of equity will not enjoin a judgment and execution on the ground that there were errors and irregularities in the proceedings anterior to judgment, the correction being.

the proper subject of motion or writ of error. 13 Fla., page 288; 1 A. K. Mar., page 554; English C. L. Reports, Vol. 49, 525.

*John W. Malone* for Appellee.

The appellants insist that the decree should be reversed because—

1. Defendants' demurrer to complainant's bill should have been sustained and the bill dismissed.

2. The statements in the bill did not entitle complainant to the relief granted under the decree.

3. The subject-matter was not properly cognizable in a court of chancery, and not within its jurisdiction.

The respondent, in his bill, alleges, among other things, that J. E. A. Davidson, as County Judge of Gadsden county, and *ex-officio* Judge of Probate, issued an execution against him without authority of law and caused the same to be levied upon his certain mare, named Fannie, to enforce the collection of certain probate fees due by one C. L. Williams as sheriff and *ex-officio* administrator of R. F. Stubbs, deceased; that respondent is in no way liable for the payment of said fees; that appellants are proceeding to sell said property under said execution, and that respondent is without adequate and complete remedy at law. Appellants, by their demurrer, admit these allegations to be true, and thus raise the question: whether the case made in the bill is one proper for the intervention of a court of equity.

Appellants insist in their brief that respondent had a plain, adequate and complete remedy under our statute. Thompson's Digest, page 360, Section 6.

We deny that this statute affords the respondent any such remedy for the important reason that under the terms prescribed by the statute, the issue of illegality would necessarily come up for trial before J. E. A. Davidson as County Judge and *ex-officio* Judge of Probate, who is directly interested in the result of the suit, and who, in consequence of

Davidson v. Floyd.

his interest, is, by the wisdom of the law, disqualified from trying the suit. Chapter 1327, Laws of Florida 1862; page 13; 12 Florida Reports, 138.

It is true that judges of probate are empowered by statute to issue executions for costs accruing in their courts. Chapter 157, Laws 1848, Section 5.

But the execution must be issued against the party who is liable for the costs, and not against one who is not liable for them. This statute certainly does not confer upon judges of probate the power to issue an execution against A., and thus force him to pay costs due by B. The statute is in derogation of common law, and should be construed strictly.

The execution in question, as evidenced by the bill, exhibits and proofs, was issued by J. E. A. Davidson as County Judge and *ex-officio* Judge of Probate against respondent, in order to force him to pay a bill of costs due by one C. L. Williams as administrator of R. F. Stubbs, deceased; and therefore we contend that it was issued without authority of law, and is illegal and void, and that the property of respondent was illegally taken in execution. And courts of equity will restrain the sale of property illegally taken in execution. 2 R. I., 67.

RANDALL, C. J., delivered the opinion of the court.

The appellant was the County Judge of Gadsden county. Appellee, in 1869, filed a petition with the county judge stating the death of one Stubbs, requesting the issuing of letters of administration to the sheriff, and the judge granted the petition. The administrator, for some reason, neglected to take possession of the property of the estate of Stubbs. The judge demanded payment of his fees, amounting to some eleven dollars, from the appellee, and such fees being unpaid, the judge, on the 15th April, 1875, issued an execution for the amount and interest, amounting, in all, to some sixteen dollars, under which the sheriff levied on one black mare, the property of appellee, and advertised her for sale.

The appellee now files his bill in equity, claiming that the costs were not legally chargeable to him, that the execution was illegally issued, and praying that an injunction be issued restraining the sale, and that the property be returned to him. A copy of the execution is annexed as an exhibit, and also a copy of an account for the costs in question rendered by the judge, in which the costs are charged against the administrator.

The appellant answers the bill, insisting that the amount for fees and costs was properly chargeable to complainant, and that the execution was issued according to law.

After the taking of testimony and a hearing, an injunction was decreed enjoining the sale and all further proceedings under the execution.

There is no pretence in the pleadings that any judgment or order of the county judge was ever entered against the appellee, or that his liability to pay the costs in question was established in any manner, and the execution, upon its face, showed that there was no such judgment.

While it is true that judges of probate are authorized to issue executions for costs which may accrue in their courts, (Chapter 157, Laws of 1847,) yet it is necessary, before such writ can issue, that some judicial judgment or order, establishing the liability of parties and the amount due, should be made according to the ordinary practice of courts. It was not contemplated that an execution might be issued against parties whose liability to pay was not so established, and who had no opportunity to contest the liability as well as the amount of such indebtedness claimed.

But though the execution in this case was improperly issued and levied, it does not follow that it is a proper case for the exercise of chancery jurisdiction. The levy was made upon a mare, and the owner has a complete and adequate remedy at law for the wrongful seizure. It is only in cases where the chattel is of such peculiar quality that the remedy at law by damages would be utterly inadequate and leave the

party in a state of irremediable loss, that a court of equity will interfere; as, where the thing is of peculiar value, as being ancient, or the production of some distinguished artist, or a family relic or ornament. (2 Story's Eq. Jur., Section 709, and cases cited; Fells vs. Read, 3 Ves. Jr., 70; Bryan. vs. Long, 14 Fla., 366; McCollum vs. Morrison, 14 Fla., 414; Bowes vs. Hoeg, 15 Fla., 403.)

If the sheriff who made the levy in this case was a trespasser, or holds the property without lawful authority, an action of trespass, trover or other appropriate action at law will afford adequate remedy for the wrong. There is no ground shown in this case for the interposition of the extraordinary powers of the court of chancery.

The decree is reversed, and the cause remanded, with directions to dismiss the bill.