S. B. BALDWIN, APPELLANT, vs. J. H. TUCKER, TAX COL-
LECTOR OF MONTICELLO, APPELLEE.

A court of equity will not entertain a bill for an injunction against a tax-
collector who threatens to sieze personal property without lawful
authority, as such seizure would be a mere trespass remediable in a
court of law.

Appeal from the Circuit Court for Jefferson county.
The facts of the case are stated in the opinion of the court.

*John A. Henderson* for Appellant.

*Samuel Pasco* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court.

This is a bill for an injunction against Appellee as tax
collector of the town of Monticello, to restrain him from
levying upon complainant's property for a "license tax."

Complainant alleges that he is engaged in the business of
selling liquors at retail in Monticello, and that he is liable to
pay for a license to carry on the business not exceeding the
sum of fifty dollars, but that the town council of Monticello
have passed an ordinance assessing upon retailers of liquors
the sum of one hundred and twenty-five dollars each for a
license, whereas, it is alleged, the council is prohibited from
levying a greater sum than fifty dollars for a license. Al-
though this sum has not been duly assessed against him,
yet the defendant, as tax-collector, threatens to levy and
collect by distress of the goods and chattels of complain-
ant the said sum of one hundred and twenty-five dollars;
that appellant is willing to pay the sum of fifty dollars;
but unless restrained by injunction the collector will enforce
his threat, and compel him to pay the sum so unlawfully
demanded.

The circuit court refused an injunction, and dismissed the bill for want of equity, whereupon the complainant appealed.

The whole charge in the bill is that the defendant threatens to commit a tresspass upon the personal estate of the complainant.

The allegation is that he threatens to seize complainant's property without process, without authority of law, or the pretence of satisfying an excessive amount demanded for a license.

So far as the court of equity is concerned, the tax collector stands in the position of any private person threatening to seize the property of another unlawfully.

The courts of chancery have uniformly refused to grant an injunction to restrain the commission of a mere tresspass, except in rare cases, where the mischief would be irreparable by reason of some extraordinary value or quality of the thing endangered. This court has so held in a number of cases. Bryan vs. Long, 14 Fla., 366; McCollom vs. Morrison, ib., 414; Bowes vs. Hoeg, 15 Fla., 403; Davidson vs. Floyd, ib., 667, and authorities cited.

The question in regard to the amount which the municipality is authorized to exact for a license, under the statutes, was presented in the argument, but as this question does not enter into the case in the view we have taken in disposing of it, any opinion we might express on that subject would determine nothing.

The decree is affirmed.