ARTHUR F. ODLIN, APPELLANT, VS. SETH WOODRUFF, TAX COLLECTOR OF ORANGE COUNTY, APPELLEE.

JURISDICTION OF EQUITY TO RESTRAIN TRESPASS—TAX ON LAWYERS.

If a tax collector seizes personal property to enforce a tax levied under an act that is unconstitutional, such seizure would be a trespass, for the redress of which there is ample remedy at law. A court of equity has no jurisdiction to restrain a trespass upon personal property except in rare cases where the property has some peculiar intrinsic value to the owner that could not be compensated in money. The case of *Young vs. Thomas*, 17 Florida, 169, involving the constitutionality of a license tax on lawyers, approvingly referred to.

Appeal from the Circuit Court of Orange county.

The facts in the case are stated in the opinion of the court.

*Arthur F. Odlin, in pro. per.*, for Appellant.

*The Attorney-General*, for Appellee.

TAYLOR, J :

The fourteenth subdivision of Section 9, of Chapter 4010, laws, approved June 10th, 1891, provides as fol-lows: "All dentists and lawyers, practicing their pro-fession in the State of Florida, shall pay to the tax collec-tor, in the counties where their office is located, a license tax of ten dollars." The same section in express terms prohibits any person from engaging in any business or profession mentioned therein unless a State license shall have been procured from the tax collector, which license shall be issued to each person on the receipt of the amount therein provided; and further provides that counties, incorporated cities and towns may impose such further taxes of the same kind upon the same subjects as they may deem proper when the business, profession or occupation shall be engaged in within their boundaries, provided, that such further tax so imposed shall not exceed fifty *per cent.* of the State tax. Section 10 of the same chapter provides that if any person, firm or association shall carry on or con-duct any business or profession for which a license is required, without first obtaining such license, shall, except in such cases as are otherwise provided for in said act, be guilty of a misdemeanor, and, upon con-viction, shall be punished by a fine of not more than double the amount required for such license. And the latter section provides further that the payment of all license taxes may be enforced by the seizure and sale

11

of property by the collector. The same chapter provides also for a fee of twenty-five cents to the county judge for the issuance of the license. The appellant, who is a lawyer, having neglected and refused to pay the license tax prescribed by this statute to be paid by all persons engaging in the practice of his profession, had his personal property seized and levied upon by the appellee, as tax collector, for the purpose of enforcing its payment. The appellant thereupon filed his bill in equity in the Circuit Court of Orange county against the appellee, as tax collector of said county, alleging therein that he was a member of the bar of said Circuit Court, and had been such member since the 31st day of December, 1885, on which day he was granted a license to practice the profession of law by said Circuit Court, and that ever since then he has continued in the practice of said profession in the various courts of this State, and has an office for such practice in the city of Orlando.

The bill assails the foregoing statute as being unconstitutional in so far as it affects the complainant, and urges that it conflicts with the provision of the Constitution of the United States that prohibits the states from passing any law impairing the obligation of contracts. That the license to the complainant to practice law, granted December 31st, 1885, was a grant from the State of Florida, by the implied terms of which he acquired the vested right to practice law in this State, subject only to be deprived of that right by reason of misconduct, &c.

The bill prays that the said license tax may be de-
clared null and void as to the complainant, and that the
defendant, as tax collector, may be perpetually en-
joined from enforcing the collection thereof. The bill
was demurred to for want of equity. This demurrer
was sustained and the bill dismissed, and from this
order the appellent appeals here.

That the court of equity has no jurisdiction to inter-
fere by injunction to restrain trespass upon personal
property, except in rare cases where the property tres-
passed upon or taken has some peculiar intrinsic value
to the owner that could not be compensated in money,
and that the remedy is at law, is well settled in this
State as elsewhere. Baldwin vs. Tucker, 16 Fla., 258,
and authorities there cited.

If the contention of the appellant in his bill is true,
that the statute imposing this tax upon his exercise of
his profession as a lawyer is unconstitutional, then the
levy by the tax collector upon his goods for the en-
forcement of such tax would amount to a trespass, for
the redress of which there is ample remedy at law; and
he has no standing in a court of equity. The demurrer
to his bill was, therefore, properly sustained, and the
dismissal of the bill properly followed.

This disposes of the case; but we deem it proper to
add that we have thought, and are still of the opinion,
that the case of Young vs. Thomas, disposed of by this
court at its January Term, 1879, (17 Fla., 169,) is fully
decisive of the question of the constitutionality of leg-
islation imposing license taxes upon the exercise of

their profession by lawyers. Though they are not referred to in the opinion in that case, yet the cases of *Ex parte* Garland, 4 Wall., 333, and "The Lawyers' Tax Cases," 8 Heisk., (Tenn.) 565, relied upon by the appellant to overturn that case, were brought to the attention of the court in the briefs of counsel in the consideration of that case. With the conclusions reached in that case we are in full accord, and have been unable to find anything to shake our faith in its correctness. In addition to the authorities there cited, the following will be found to sustain also the conclusions therein reached, and in them will be found a discussion of every phase of the propositions contended for by the appellant: City of St. Louis vs. Sternberg, 4 Mo. App., 453; State vs. Gaslay, 5 Ohio, 15; Languille vs. State, 4 Texas App., 312; Cooley on Taxation, pp. 576, 577; Weeks on Attorneys, (2nd ed.), Section 41.

The decree appealed from is affirmed.