H. W. METCALF COMPANY, A CORPORATION, *Appellant*, v. W. E. MARTIN, AS TAX COLLECTOR OF ORANGE COUNTY, FLORIDA, *Appellee*.

1. A court of equity should not entertain a bill for an injunction against a tax collector who threatens to seize and sell personal property except in rare cases where the property is peculiarly valuable and cannot be compensated adequately in damages. This is true even if the officer is acting without lawful authority, as such seizure is a mere trespass remediable by action at law.

2. Where an injunction is prayed on the ground of irreparable injury the bill of complaint should allege facts to enable the court to determine whether the injury will be irreparable. A mere general allegation that the injury will be irreparable is not sufficient. When the facts alleged do not show that irreparable injury will be sustained an injunction should not be granted.

3. Where it is apparent to an appellate court that a bill of complaint does not state a case cognizable in a court of equity, it is the duty of the court to notice the defect, even though the question of equitable jurisdiction is not presented in the pleading or otherwise called to the attention of the trial or appellate court.

4. Allegations that complainant's business of selling liquor in a particular building will be entirely broken up and destroyed and that the barroom fixtures can only be replaced at great cost and by ordering from a great distance and after long

delay, and that the same are absolutely essential to the business, do not show an injury that if sustained cannot be fully compensated in damages by an action at law, and are not sufficient to support an injunction on the ground of irreparable injury.

5. Where a bill of complaint prays for an injunction and no facts are alleged upon which injunctional or other equitable relief should be granted, the bill of complaint should be dismissed.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. G. Starbuck,* for appellant;

*Beggs & Palmer,* for appellee.

WHITFIELD, J.—The appellant filed a bill in equity in the circuit court for Orange county alleging in brief that it is engaged in the sale of liquors in one place of business, but that the tax collector demands a license tax for two places of business because liquor is sold by complainant in two separate rooms not directly and immediately connected by any means of personal ingress and egress from one to the other; that because of the refusal of complainant to pay two license taxes the tax collector has seized and threatens to sell one pool table and all bar fixtures used in one of the places to enforce the collection of said license tax; that complainant will suffer irreparable injury; that said bar fixtures can only be replaced at great cost and by ordering from a great

distance and after long delay, and that the same are absolutely essential to the business. The prayer is for an injunction against the tax collector to prevent the removal and sale of said property, and that complainant be decreed exempt from the payment of the additional license tax. An answer was filed showing the sale of liquor at two separate and distinct places of business. Testimony was taken and on the final hearing the bill of complaint was dismissed. The complainant appealed and assigns as error the final decree dismissing the bill of complaint.

A court of equity should not entertain a bill for an injunction against a tax collector who threatens to seize and sell personal property except in rare cases where the property is peculiarly valuable and cannot be compensated adequately in damages. This is true even if the officer is acting without lawful authority, as such seizure is a mere trespass remediable by action at law. Baldwin v. Tucker, 16 Fla. 258; Odlin v. Woodruff, 31 Fla. 160, 12 South. Rep. 227.

Where an injunction is prayed on the ground of irreparable injury the bill of complaint should allege facts to enable the court to determine whether the injury will be irreparable. A mere general allegation that the injury will be irreparable is not sufficient. When the facts alleged do not show that irreparable injury will be sustained an injunction should not be granted. Indian River Steamboat Co. v. East Coast Transp. Co., 28 Fla. 387, 10 South. Rep. 480; Town of Orange City v. Thayer, 45 Fla. 502, 34 South. Rep. 573.

Where it is apparent to an appellate court that a bill of complaint does not state a case cognizable in a court of equity, it is the duty of the court to notice the defect, even though the question of equitable jurisdiction is not presented in the pleading or otherwise called

to the attention of the trial or appellate court. City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 South. Rep. 432; Williams v. Peeples, 48 Fla. 316, 37 South. Rep. 572; Florida Packing & Ice Co. v. Carney, 49 Fla. 293, 38 South. Rep. 602.

The facts alleged to show that irreparable injury will be sustained if injunction does not issue to restrain the sale of barroom fixtures are that complainant's business of selling liquor in a particular building will be entirely broken up and destroyed and that the barroom fixtures can only be replaced at great cost and by ordering from a great distance and after long delay, and that the same are absolutely essential to the business. This does not show an injury will result which cannot be fully compensated in damages by an action at law; but the facts rather tend to show such compensation will be adequate and complete for any loss complainant might sustain even if the action of the tax collector be illegal. Under these circumstances the bill should have been dismissed by the court even though no demurrer was interposed to the bill. There is no equity shown to decree the complainant exempt from the payment of the license tax demanded by the tax collector.

The decree dismissing the bill of complainant is affirmed.

TAYLOR, COCKRELL, HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., providentially absent, concurred in the opinion when prepared.