RAMON ALONZO GARCIA, *Appellant,* v. JOAQUIN PARDO AND ROBERT A. JACKSON, *Appellees.*

1. When a county court is duly organized in a county the county judge as such has no trial jurisdiction in ordinary civil actions at law.

2. The common law remedies afford adequate redress for an illegal levy of an execution on personal property, and injunction will not be granted for this purpose where no irreparable injury or other equitable ground for relief appears.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*T. M. Shackleford Jr.*, and *W. H. Jackson*, for Appellant;

*Dickenson* & *Dickenson*, for Appellees.

WHITFIELD, C. J.—Garcia filed a bill in equity alleging in effect that an action against Garcia for $100.00 damages was begun by Pardo before the County Judge of Hillsborough County; that summons was served on Garcia; that a judgment by default was entered against Garcia for failure to appear, and that final judgment for $100.00 and costs, consequent on the default, was rendered by the County Judge; that an execution was issued on the judgment by the County Judge, and that R. A. Jackson, the Sheriff of Hillsborough County, will, to the irreparable injury of Garcia, levy the execution on the goods, chattels and effects of Garcia, with the greater part of which property Garcia makes his living operating a restaurant, if not restrained.

An injunction was prayed. A temporary restraining order was made. Subsequently the following order was made by the chancellor:

'While it seems to be an anomaly to have the Courts of common law in the same county presided over by the same judge, with different jurisdictions, yet as the court is of the opinion that under the constitution the civil jurisdiction of the County Judge's Court is not ousted by the creation of the County Court, the motion to dissolve the temporary injunction is granted."

A demurrer to the bill of complaint on the ground that there is no equity in the bill and that there is adequate remedy at law was sustained and the bill dismissed. On appeal from the decree dismissing the bill of complaint,

the decree and the order dissolving the injunction are assigned and argued as error.

The questions presented for determination are whether under the constitution upon the organization of a county court over which the county judge presides, the right of the county judge to exercise jurisdiction in cases at law in which the demand or value of property involved shall not exceed one hundred dollars as county judge ceases, and whether their is equity for granting an injunction to restrain the levy of an execution on personal property.

In construing and applying provisions of a constitution, the leading purpose should be to ascertain and effectuate the intent and the object designed to be accomplished. Proper effect should, if possible, be given to every word of a constitution. The meaning of and effect to be given to words may be determined by a consideration of all the provisions of the instrument relating to the subject.

Where jurisdiction is expressly conferred upon a judicial tribunal by a constitution, that jurisdiction may not be affected by the subsequent establishment of another tribunal having the same jurisdiction, unless the jurisdiction of the latter tribunal is expressly or by fair implication made exclusive. But where a constitutional officer has designated judicial powers, and is by the constitution given the same jurisdiction and more as the presiding officer of another judicial tribunal together with appellate jurisdiction and powers that are inconsistent with the exercise of the jurisdiction first conferred, the exercise of the jurisdiction in the latter capacity may be exclusive.

The constitution provides that "the county Judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not ex-

ceed one hundred dollars; of proceedings relating to forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the legislature may prescribe. The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate." Sec. 17, Art. V. The constitution also ordains that when a county court is organized by the legislature "the county judge shall be the judge of said court," which county court when organized "shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements, and of misdemeanors, and final appellate jurisdiction in civil cases arising in the courts of justices of the Peace."

The Circuit Courts "have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge ————— and of all cases arising before justices of the Peace in counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors."

It seems clear from these provisions of the organic law that the purpose was to have a county judge in every county, whose exercise of civil jurisdiction in ordinary civil actions at law and in forcible entry and unlawful detainer cases, should cease upon the establishment of a county court with the same jurisdiction, over which court the county judge shall preside. The provision giving to

the Circuit Courts "supervision and appellate jurisdiction of matters before county judges pertaining to their probate jurisdiction or to the estates and interests of minors" indicates a purpose that the county judge as such should continue to exercise these powers not conferred on any other tribunal; but there is nothing to indicate an intention that the county judge as such should continue to exercise civil jurisdiction in ordinary actions at law and in forcible entry and unlawful detainer cases after a county court is established having the same and also greater jurisdiction over which court the county judge presides. On the contrary, the provision giving to the county courts when established, original civil jurisdiction, including that conferred upon the county judge, and also appellate jurisdiction in civil cases arising in the courts of justices of the peace, and giving the Circuit Courts "final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge" indicates that there will be no ordinary civil actions or forcible and detainer cases arising before the county judge as such when there is a county court in the county. It would be incongruous and inharmonious with the general scheme of the judiciary article of the constitution to so construe the provisions conferring jurisdiction as to give to the county judge as such a right to exercise original jurisdiction that is also conferred upon him as judge of the County Court when a county court is established in the county.

The purpose of the constitution is to have a tribunal in every county, with jurisdiction extending over the entire county in ordinary civil actions at law for not more than one hundred dollars and in forcible entry and unlawful detainer cases, under a tribunal is established in

the county having similar and broader jurisdiction to be exercised by the same judicial officer.

When the facts alleged do not show irreparable injury or other equitable ground, an injunction will not be issued to enjoin the levy of an execution upon personal property, the remedy at law being complete and adequate. See Metcalf Co. v. Martin, 54 Fla. 531, 45 South. Rep. 463; Davidson v. Floyd, 15 Fla. 667.

The judgment was rendered in the court of the county judge, when the jurisdiction of that court for the trial of ordinary civil actions at law had been suspended by the organization of a county court in that county as authorized by the constitution; therefore the judgment is void.

The common law remedies afford adequate redress for an alleged illegal levy of an execution upon personal property, therefore, an injunction is not the proper remedy, no irreparable injury or other equitable ground appearing from the facts alleged.

The decree is affirmed.

TAYLOR, COCKRELL and HOCKER, J. J., concur.

SHACKLEFORD, J., takes no part.