A. GUERRA & J. FRANQUIZ, *Appellants*, v. A. NISTAL AND R. A. JACKSON, SHERIFF, *Appellees.*

Opinion Filed January 9, 1914.

EQUITY PRACTICE—INJUNCTION AGAINST SALE OF CHAT-TELS UNDER PROCESS AT LAW.

1. Where a party has a bill pending for foreclosure of a mort-gage on personal property, and said property is levied upon under a judgment and execution in a distress proceeding for rent, he may by proper application in the foreclosure suit, either by amendment or supplemental bill, have a receiver appointed in such foreclosure suit and a restraining order against the sheriff or any one seeking to take the property by execution. In such a case there is no necessity and no valid grounds for a distinct and separate original bill for in-junction, without showing some irreparable mischief from the levy and sale, for which ordinary legal remedies would be adequate.

2. An independent bill in equity will not ordinarily lie to pre-vent the sale of chattels under execution, because by a suit at law, full compensation may ordinarily be obtained in dam-ages.

Appealed from Circuit Court of Hillsborough County; F. M. Robles, Judge.

Order affirmed, with directions to dismiss bill.

*J. T. Watson, Jr.*, for Appellants;

*C. C. Whataker, K. E. Whitaker* and *T. M. Shackleford, Jr.*, for Appellees.

TAYLOR, J.—The appellants as complainants below filed their bill in equity in the Circuit Court of Hillsborough County for foreclosure of a mortgage upon personal property against Daniel Lopez, Antonio Lopez and Jose Sanchez. While this bill was still pending the same complainants filed a separate and independent original bill in the same court against the appellees alleging therein that the appellee A. Nistal had obtained a judgment in the Circuit Court of said county against Daniel Lopez doing business under the name of Daniel Lopez & Co. in a distress proceeding for rent and had levied upon and had advertised for sale under said distress for rent judgment the personal property covered by their mortgage that as aforesaid was in process of foreclosure. This bill does not in express terms claim that the complainant's said mortgage is a superior lien over Nistal's lien for rents, or that said mortgage has priority over said lein for rents, but assails said judgment in such distress proceeding upon the ground that Daniel Lopez was alone made a party defendant to said distress proceedings, when, as it alleges, the said Daniel Lopez and Company was a partnership composed of the partners Daniel Lopez, Antonio Lopez and Jose Sanchez. This bill prayed that said judgment in said distress proceed-

ing might be set aside and cancelled and adjudged to be null and void, and for an injunction restraining the sale of, or any interference with said personal property under said judgment. The court granted a temporary injunction as prayed, but afterwards, upon the filing of the defendants' answer with a demurrer to the bill for want of equity incorporated therein, dissolved the same, and from this order of dissolution the complainants below come here for review by appeal.

There was no error in the ruling of the court dissolving the injunction. The complainants had their bill pending for the foreclosure of their mortgage at the time of the filing of the present independent bill for injunction. In their foreclosure suit they could upon proper application either by amendment or supplemental bill have had a receiver appointed in that suit, and restraining order against the Sheriff or anyone seeking to take the property by execution—but under the circumstances of this case there was no necessity for a distinct and separate bill, and no valid grounds for one, without showing some irreparable mischief from the levy and sale, for which ordinary legal remedies would be inadequate. An independent bill in equity will not ordinarily lie to prevent the sale of chattels under execution, because, by a suit at law, full compensation may be obtained in damages. Stillwell, Sheriff, v. Oliver, 35 Ark. 184. See also Garcia v. Pardo, 63 Fla. 429, 57 South. Rep. 974.

The order appealed from is hereby affirmed at the cost of the appellants, with directions to dismiss the complainants' bill for injunction at their costs.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.