WILDWOOD CRATE & ICE COMPANY, a Corporation, *Appellant*, v. THE CITIZENS BANK OF INVERNESS, a Corporation, *Appellee*.

Division B.

Opinion filed July 18, 1929.

*A. M. Roland,* for Appellant;

*Scofield & Scofield,* for Appellee.

STRUM, J.—This is an appeal from a final decree in equity perpetually restraining the sale by the sheriff of Citrus County, under executions, of certain personal property.

The bill was brought by the appellee here, The Citizens Bank of Inverness, against Wildwood Crate & Ice Company, who is appellant here, and against B. D. Harris, and B. O. Bowden as sheriff of Citrus county.

The bill alleges in substance that the said sheriff is about to sell a large quantity of personal property as the property of R. D. Waring & Company, a corporation, upon authority of two executions issued pursuant to two judgments recovered against said R. D. Waring & Company, one by the defendant Wildwood Crate & Ice Company, the other by the defendant, B. D. Harris. The bill further alleges that complainant is the holder of mortgage liens upon all of said personal property, given to secure the payment of the sum of approximately $15,000, which mortgage liens the complainant claims are superior to the execution liens, not only because the mortgage liens are prior in time, but also because the judgment debtor is not the owner of a portion of the chattels upon which the sheriff is about to levy said executions, the latter portion of the chattels being also subject to complainant's mortgage lien. Complainant further alleges that if the said execution sale is made, said personal property will be removed from Citrus County and that complainant's mortgage *"lien* will be destroyed.'' The bill does not allege whether the mortgage indebtedness was due at the time the bill was filed. The bill prays that the execution sale be enjoined in order to

protect complainant's superior mortgage lien. Neither the alleged mortgagor, nor the alleged judgment debtor, are parties to the suit.

A demurrer interposed by Wildwood Crate & Ice Company upon the ground, amongst others, that the bill is without equity, was overruled and a temporary injunction issued. Thereafter, a decree *pro confesso* was entered against all defendants, with injunction, upon final hearing was made perpetual. This appeal is from the final decree.

There is a motion by appellee to dismiss this appeal for two principal reasons. First, because there was pending in this Court a prior appeal when the present appeal was taken. This ground of the motion is not well taken. The former appeal referred to was from an interlocutory decree overruling the demurrer above mentioned. That appeal was dismissed by this Court because it was taken solely from an interlocutory decree after the final decree had been entered. Willey v. Hoggson, 89 Fla. 446, 105 So. R. 126. The present appeal, though taken one day prior to the dismissal of the former appeal, is from the final decree. Although the present appeal from the final decree brings up for review all interlocutory orders, the present appeal is not a second or subsequent appeal by the same party *from the same decree* so as to render the present appeal irregular and subject to dismissal under the rule announced in Long v. Sphaler, 89 Fla. 499, 105 So. R. 101; American Contract Co. v. Perrine 40 Fla. 402, 24 So. R. 484, and DaCosta v. Dibble, et al., 45 Fla. 225, 33 So. R. 466. Second, because the notice of entry of the present appeal was not properly recorded in the Chancery Order Book of the Circuit Court to afford this Court jurisdiction over the subject matter of the appeal and the person of the appellee. The final decree appealed from was signed by the chancellor on November 7, 1927. It was

filed with and recorded by the Clerk of the Circuit Court on November 26, 1927, the latter act being the "entry" contemplated by Sec. 4960, Comp. Gen. Laws 1927, from which the time for taking an appeal begins to run. See Sec. 4948, Comp. Gen. Laws 1927. The entry of a decree is completed when it is recorded in the minutes of the court. Gasque v. Ball, 71 Fla. 257, 71 So. R. 329; Phillips v. Howell, 81 Fla. 380, 88 So. R. 126; Wilmot v. Equitable B. & L. Ass'n, 44 Fla. 815, 33 So R. 447. Notice of the entry of this appeal was filed with the Clerk of the Circuit Court on April 30, 1928, well within the six months period provided by law from the entry of the final decree appealed from. The notice of entry of this appeal, however, was not recorded in the Chancery Order Book until May 9, 1928, because as the Clerk of the Circuit Court has noted thereon, of "not having another instrument to match other side of sheet sooner," which probably refers to the operation of some mechanical device employed by the clerk in keeping the Chancery Order Book. The date upon which it was actually recorded, however, is still well within the period of six months from the date of entry of the final decree appealed from, which was November 27, 1927. Moreover, this Court acquired jurisdiction of the subject matter of this appeal by the filing of the notice of entry of appeal within the period allowed by law in the office of the Clerk of the Circuit Court, which occurred on April 30, 1928. A failure to properly record the same in the Chancery order Book would affect only the jurisdiction of this Court over the person of the appellee. The motion to dismiss the present appeal not being confined strictly to jurisdictional grounds, but containing other grounds which recognize the jurisdiction of this Court over the person of appellee, such motion amounts to a general appearance of the appellee in this Court which would perfect the juris-

diction of this Court over both subject matter and person of the appellee even if the notice of entry of appeal had not been recorded at all. Gaskins v. Mack, 107 So. R. 918. The motion to dismiss is therefore overruled.

The sole question presented upon the merits of this appeal is whether or not complainant, as the holder of a superior mortgage lien, is entitled to equitable relief by injunction restraining the sale under execution of the mortgaged personal property under the circumstances alleged in the bill and hereinabove set forth. Although a decree *pro confesso* was entered below against the appellant, this appeal from the final decree nevertheless brings here for review the correctness of the chancellor's order overruling the appellant's demurrer to the bill on the ground that it was without equity.

The general rule is that an independent bill in equity will not ordinarily lie to prevent a sale of chattels under execution, which ordinarily would amount to a mere trespass, unless by reason of some extraordinary quality of intrinsic value of the chattel to the owner the relief which might ordinarily be obtained at law in damages for an unlawful or wrongful sale thereof would be inadequate or incomplete. The rule rests upon the principle that equity will not act when there is a full, adequate and complete remedy at law. Baldwin v. Tucker, 16 Fla. 258; Garcia v. Pardo, 63 Fla. 429, 57 So. R. 974; McCall v. Matheson, 66 Fla. 157, 63 So. R. 701. See also Odlin v. Woodruff, 31 Fla. 160, 12 So. R. 227; 22 L. R. A. 699; Metcalf v. Martin, 54 Fla. 531, 45 So. R. 463; 23 C. J. 553; 10 R. C. L. 1255; 32 C. J. 152.

With respect to the mortgagee of chattels, the general rule also is that an independent bill in equity will not lie for the sole purpose of restraining the sale of the mortgaged chattels under execution, unless such relief be neces-

sary to prevent the conversion or destruction of the property, or the impairment of the mortgagee's security, or unless equity is the only forum with power to determine the mortgagee's rights and afford him full, adequate and complete relief under the circumstances involved. Guerra v. Mistal, 66 Fla. 579, 64 So. R. 236; Stillwell, Sheriff v. Oliver, 35 Ark. 184; Bowyer v. Creigh, 3 Rand. (Va.) 25; Williams v. Farmers Bank, 56 So. W. R. 261; Beysiegel v. Rome, Etc., Ass'n, 39 So. E. R. 405; Armour v. Lovell, 44 So. E. R. 990; 23 C. J. 562. See also the note to Parsons v. Hartman, 30 L. R. A. 98, 125.

Complainant virtually concedes the foregoing general rules, but urges that the case made by this bill is within the exception thereto because of the allegations to the effect that if the execution sale proceeds, the purchasers of the property will remove the same from Citrus County so as to defeat the effective enforcement of complainant's mortgage lien, and that the execution creditors, who have pointed out the chattels to the sheriff, and at whose instance the chattels are to be sold, have no property in Citrus County, Florida, upon which this complainant could levy in the event it recovered damages at law from such execution creditors on account of a wrongful execution sale at their instance of the mortgaged chattels. In the latter respect, however, it is to be noted that the bill does not allege that the execution creditors are insolvent, but merely that they have no property in Citrus County where the mortgaged chattels are situate and where the execution sale is threatened.

Complainant's chattel mortgages are alleged to be duly recorded so as to afford constructive notice to purchasers of the chattels. Sec. 5726, Comp. Gen. Laws 1927. Besides that the principles of *caveat emptor* would apply to purchasers at the execution sale. So no purchaser at the ex-

ecution sale could acquire the right of a *bona fide* purchaser as against complainant's mortgage lien. Though sold under the executions, the chattels would remain subject to complainant's mortgage lien, if the mortgage lien be superior to the execution lien, and complainant's superior interest in the chattels would be neither divested nor affected by execution sale. Complainant's mortgage lien would be as effective against a purchaser as against the mortgagor, whose interest the purchaser at the execution sale would take. The only possible danger to complainant's security, therefore, is that the chattels might be destroyed or become so dispersed through the execution sale as to be inaccessible to answer any decree of foreclosure complainant may hereafter secure.

Sec. 4530, Comp. Gen. Laws 1927, provides that "the officer selling the equity of redemption in personal property shall require of the purchaser of such equity a bond with two good and sufficient sureties, to be approved by him, in a sum double the amount of the value to be placed by him upon each item of the personal property so levied upon and sold, payable to the mortgagee, and conditioned that such property shall not be removed beyond the State, and that it shall be forthcoming to answer any judgment or decree of foreclosure made against it." The term "equity of redemption" has a variety of meanings. 42 C. J. 324. As used in Sec. 4530, *supra,* however, the term "equity of redemption" is used in the non-technical or common sense, denoting the title or estate remaining in a mortgagor,without regard to whether the condition of the mortgage has been broken. See Holmes v. Jordan, 93 N. E. R. 1005.

Complainant admits that "if the sheriff had levied on an equity of redemption, that then the complainant might protect its rights under Sec. 4530," but insists that it appears from the notice of execution sale that the sheriff did

not levy merely upon an equity of redemption, but purports to have levied upon, and is offering for sale title absolute to the chattels, ignoring complainant's mortgage lien, and purporting to sell complainant's interest as mortgagee, as well as the mortgagor's title. Complainant insists that under such circumstances full, adequate and complete relief can not be secured by it at law under the statute, thereby necessitating and justifying a resort to the equitable remedy of injunction. See Stratton v. Packer, 14 Atl. R. 587; Phillips v. Winslow, 68 Am. Dec. 729.

Regardless of what the sheriff purports to have levied upon or what he purports to be selling, all that he could in fact sell is the mortgagor's equity of redemption, that is, as here used, the estate which remains in the mortgagor. No greater estate or right can pass by an execution sale than is in the execution debtor. Any prospective purchaser is effectively charged with notice that he will acquire the chattels subject to the mortgagee's lien, and hence will purchase only the mortgagor's estate or equity of redemption.

Since a mortgagee in this State is not vested with the legal title, nor entitled to possession of the mortgaged property (Sec. 5725, Comp. Gen. Laws 1927, and since the ordinary remedies at law as by trover, replevin or the like, would therefore not be available to a mortgagee as they would be to the owner who holds the legal title to secure redress in those and like actions at law for a wrongful levy upon mortgaged chattels, it is probable that in the absence of Sec. 4530, *supra,* or in cases where the procedure authorized by that statute would not afford adequate protection, equitable relief by injunction would be available to a mortgagee or chattels holding a superior mortgage lien to prevent a wrongful levy of execution under circumstances which substantially threatened an impairment of

his security. But in the absence of further obstacles than those alleged in this bill of complaint, the remedy at law provided by Sec. 4530, *supra,* is adequate to completely protect this mortgagee-complainant in respect to the forthcoming of the mortgaged chattels to answer any decree of foreclosure made against them. That is the only respect in which this mortgagee might be prejudiced by the threatened execution sale against which relief is sought. The bill does not allege that the complainant has demanded that the sheriff procure the bond required by Sec. 4530, *supra,* nor that the sheriff refuse to demand such bond, nor that he is about to sell without it over complainant's objection and demand for a bond.

In the absence of appropriate allegations demonstrating in the particular instance under consideration the inadequacy of the statutory remedy at law provided by Sec. 4530, *supra,* or a diligent but fruitless attempt to pursue the same, the complainant is in the attitude of having failed to pursue a remedy at law which is apparently adequate to afford complete protection in the premises. The bill of complaint does not present a case for equitable relief by injunction under Sec. 4974, Comp. Gen. Laws 1927, to restrain the removal *from the State* of any personal property mortgaged to secure a debt not matured at the time application is made for injunctive relief.

It follows that the bill is without equity and the demurrer thereto should have been sustained.

The final decree appealed from is reversed, with directions to dissolve the injunction and sustain the demurrer.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.