316 So.2d 649 (1975)
Walter A. HOFFMAN, Jr., Appellant,
v.
Victor H. SEMET and Margate Realty, Inc., Appellees.
No. 74-135.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
Rehearing Denied September 4, 1975.
*650 David R. Wellens and Theodore P. Sobo of Sobo & Wellens, Ft. Lauderdale, for appellant.
Henry M. Schmerer of Ruden, Barnett, McClosky, Schuster & Schmerer, Ft. Lauderdale, for appellees.
OWEN, Judge.
The instant case presents the following question: does a vendee in possession under an agreement for deed, after default and before relinquishing possession to the vendor, have an equity of redemption within the meaning of Fla. Stat. § 56.061 (1973),[1] thereby making his interest subject to levy and execution upon a judgment *651 at law? We answer this question in the affirmative for the reasons hereinafter set forth.
The pertinent facts are as follows. In 1968 appellee, Margate Realty, Inc., as vendor, entered into an agreement for deed with one Ronald Nix, as vendee, for the sale of certain commercial real property in Broward County. This agreement, which was duly recorded, placed the vendee in possession and required him to assume the payment of taxes and insurance premiums on the premises and to make regular installment payments on the purchase price. The agreement further provided that should the vendee default, he would automatically forfeit all payments made under the contract and the vendor would have the immediate right to reenter and take possession. It appears that while Nix maintained the monthly installment payments, he fell into default in 1969 by failing to pay taxes and to maintain the insurance. Nevertheless, Margate did not invoke the forfeiture provision and Nix remained in possession.
In 1970, a judgment creditor of Nix had a writ of execution issued and the sheriff levied upon the property. Appellant Hoffman was the successful bidder at the sheriff's sale and thereafter acquired a sheriff's deed conveying to him the right, title and interest of Nix in the property. After the sale, appellant first attempted, unsuccessfully, to gain possession of the property from Nix who was still occupying the premises. Some time thereafter Nix relinquished possession and executed a quitclaim deed to Margate. Appellant then contacted Margate Realty to ascertain the amount necessary to satisfy the balance of the agreement for deed including unpaid taxes, insurance premiums and unpaid improvement liens. Margate did not furnish the requested information but instead advised Mr. Hoffman that it did not recognize his right to succeed to the vendee's interest in the agreement for deed and notified him that he was prohibited from entering upon the premises under threat of prosecution for trespass and damages. Appellant then brought this suit seeking specific performance of the agreement for deed and appellee counterclaimed to have Hoffman's interest in the real property removed as a cloud upon its title.
The trial court, holding that the vendee under the agreement for deed had only an equitable interest which was not subject to execution by a judgment creditor, concluded that the sheriff's deed under which appellant claimed was a nullity and vested no title or equity in him. On this premise the final judgment appealed denied appellant's prayer for specific performance and granted appellee's prayer to quiet its title against all claims of the appellant. We reverse.
The Florida courts have for some time recognized that an agreement for deed is essentially only a security device intended to take the place of a purchase money mortgage and "must be deemed and held to be a mortgage, subject to the same rules of foreclosure and to the same regulations, restraints, and forms as are prescribed in relation to mortgages". MidState Investment Corporation v. O'Steen, 133 So.2d 455 (1st DCA Fla. 1961); Huguley v. Hall, 157 So.2d 417 (Fla. 1963) [dicta]; H & L Land Company v. Warner, 258 So.2d 293 (2nd DCA Fla. 1972); Fla. Stat. § 697.01 (1973). Thus, a vendee under an agreement for deed stands in the same position and holds the same property interest as a mortgagor under a mortgage.
Under Florida law, which has adopted the lien theory of mortgages, a mortgagor holds legal title to the mortgaged property while the mortgagee's interest is merely that of a lienor. Shavers v. Duval County, 73 So.2d 684 (Fla. 1954); Evins v. Gainesville Nat. Bank, 80 Fla. 84, 85 So. 659 (1920). However, as in many areas of the law, historical vestiges of another era persist. The strict common law view of the mortgage was as a conditional *652 conveyance of land vesting legal title in the mortgagee. Upon default, the mortgagor forfeited all right and interest in the property; the mortgagee could simply reenter and assume full ownership. 9 Thompson, Real Property, § 4650, at 4-5 (1958); 55 Am.Jur.2d, Mortgages, § 178 (1971). In time the equity courts responded to this harsh result by granting the mortgagor the right to redeem his property upon satisfying the outstanding debt. This right was termed the mortgagor's "equity of redemption". Thompson, supra, at 5-6; 2 Boyer, Florida Real Estate Transactions, § 32.18 (1975). The equity of redemption eventually came to be regarded as an actual estate in land, i.e., the mortgagor's estate or interest in the mortgaged property. Thompson, supra, §§ 4822, 4823; 55 Am.Jur.2d, Mortgages, § 510 (1971).[2]
The term "equity of redemption" has been retained to describe the mortgagor's interest or estate despite the fact that technically the concept of an "equity" of redemption is unknown to our present law which considers the mortgagor to be the legal owner of the mortgaged property. Pierson v. Bill, 138 Fla. 104, 189 So. 679, 683 (1939). The courts and authorities recognize that the term is a misnomer, Pierson v. Bill, supra; Boyer supra, § 32.18; 22 Fla.Jur., Mortgages, § 110 (1958); 55 Am.Jur.2d, Mortgages, § 510 (1971); but nonetheless accept and use the term with this common understanding as to its meaning. Pierson v. Bill, supra; Wildwood Crate and Ice Co. v. Citizens' Bank of Inverness, 98 Fla. 186, 123 So. 699, 702 (1929). We have no doubt that the Florida Legislature has similarly employed the term in Fla. Stat. § 56.061 in its technical or common sense, to denote the title or estate remaining in a mortgagor. Compare, Wildwood Crate and Ice Co. v. Citizens' Bank of Inverness, supra.
While the term "equity of redemption" has reference to a mortgagor's interest in land, it is an equally apposite term to apply to a vendee's interest under a contract for deed in view of the Florida courts' construction of that instrument as a mere mortgage agreement. The vendee's equity of redemption is thus subject to levy and execution under Fla. Stat. § 56.061. It is this interest (which was Nix's interest in the property at issue) that appellant purchased at the sheriff's sale.
Appellee contends that when he obtained a quitclaim deed from the vendee, Nix, all of the latter's interest under the agreement was terminated. However, this argument overlooks the fact that the sheriff's sale, and consequently the transfer of Nix's equity of redemption to appellant, had already occurred by the time of the execution of the quitclaim deed to appellee.
Appellee also contends that even if Nix did have an equity of redemption which was subject to levy and sale under execution pursuant to Fla. Stat. § 56.061, that levy and sale was ineffective because of the failure to follow the procedure regarding executions on equities of redemption set forth in Fla. Stat. § 56.071 (1973).[3] This argument is also without merit. Fla. Stat. § 56.071 does not set out a mandatory procedure which must be followed in every *653 case. By its clear terms, this section merely provides an optional procedure which a levying creditor may invoke by motion, to determine the value of the equity to be sold.
We conclude that appellant having purchased the vendee's interest at the sheriff's sale, is entitled to the right to satisfy the total outstanding indebtedness due vendor under the agreement and to receive a conveyance of the property. The judgment is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.
NOTES
[1] Fla. Stat. § 56.061 (1973) provides:

"Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution. Likewise, the interest in personal property in possession of a vendee under a retained title contract or conditional sale contract shall be subject to levy and sale under execution to satisfy a judgment against the vendee. This shall be done by making the levy on such personal property."
[2] For a more thorough exposition of this historical development of the law of mortgages, see, Thompson, supra, § 4650 et seq.
[3] Fla. Stat. § 56.071 (1973) provides:

"On motion made by the party causing a levy to be made on an equity of redemption the court from which the execution issued shall order the mortgagor, mortgagee and all other persons interested in the mortgaged property levied on to appear and be examined about the amount remaining due on the mortgage, the amount that has been paid, to whom and when paid so that the value of the equity of redemption may be ascertained before it is sold. The court may appoint a master to conduct the examination. This section shall also apply to the interest of and personal property in possession of a vendee under a retained title contract or conditional sales contract."