VAN DEMAN & LEWIS CO. et al. v. RAST, County Tax Collector, et al.

(District Court, S. D. Florida. October 23, 1913.)

1. INJUNCTION (§§ 85, 105*)—STATE OFFICERS—ENFORCEMENT OF VOID STATUTE.

State officers may be enjoined from threatened prosecutions to enforce a void statute by either civil or criminal proceedings, where property rights will be destroyed and irreparable damage be occasioned thereby.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 155, 156, 178, 179; Dec. Dig. §§ 85, 105.*]

2. INJUNCTION (§ 118*)—STATE STATUTES—ENFORCEMENT—ADEQUATE REMEDY AT LAW—PLEADING.

In a suit to enjoin state officers from enforcing an alleged unconstitutional statute imposing an unequal license tax on merchants issuing coupons or profit-sharing certificates to further the sale of merchandise, a bill alleging that complainants had large stocks of goods and merchandise subject to the exactions of the statute, that they were under contract for the sale of such merchandise, that seizure of their stocks and arrest of their employés was threatened for failure to comply with the law, and that such seizure would cause the loss of trade and customers, interrupt their business, cause the sacrifice of stock seized, and subject them to heavy fines, etc., sufficiently showed that complainants had no adequate remedy at law, so as to entitle them to injunctive relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. TAXATION (§ 2*)—POWER TO TAX—EXERCISE.

Power of taxation is an incident to and inherent in every sovereign state, and may be exercised to such an extent as to embarrass and even destroy, unless restrained by the organic law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 2; Dec. Dig. § 2.*]

4. CONSTITUTIONAL LAW (§§ 209, 255, 278*)—FOURTEENTH AMENDMENT—DEPRIVATION OF LIFE, LIBERTY, AND PROPERTY.

The fourteenth amendment of the federal Constitution, providing that no state shall deprive any person of life, liberty, or property without due process of law or deny to any person within its jurisdiction the equal protection of the laws, prohibits the states from passing any law that will arbitrarily deprive a person of life or liberty or arbitrarily deprive him of property, and requires that equal protection and security shall be given to all under like circumstances in the enjoyment of their personal and civil rights, and that no greater burden shall be laid on one than is laid on others in the same calling and condition.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 678, 736–738. 740–745, 763, 765, 767–770 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. §§ 209, 255, 278.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. CONSTITUTIONAL LAW (§ 230*)—LICENSES (§ 7*)—LICENSE TAXES—EQUALITY.
    Laws Fla. 1913, c. 6421, § 35, in so far as it imposes a state license
    tax of $500 and a county license tax of $250 on merchants offering with
    merchandise any coupon, profit-sharing certificate, or other evidence of
    indebtedness or liability redeemable in premiums, etc., is not based on any
    just classification and is therefore invalid as violative of the equality
    clause of the fourteenth amendment of the federal Constitution.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 687;
    Dec. Dig. § 230;* Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. § 7.*]

In Equity. Suit by the Van Deman & Lewis Company and others against John W. Rast, as Tax Collector for Duval county, Fla., and others. On motion for a temporary injunction. Granted.

Cooper & Cooper, of Jacksonville, Fla. (Charles M. Cooper, of Jacksonville, Fla., and E. F. Spitz, of New York City, of counsel), for complainants.

Thomas F. West, Atty. Gen., of Tallahassee, Fla., for defendants.

CALL, District Judge. This cause comes on to be heard on a motion for an interlocutory injunction before Circuit Judge SHELBY and District Judges SHEPPARD and CALL, at Huntsville, Ala., on September 18, 1913; upon consent of the parties 20 days were allowed the Attorney General of the state of Florida to file additional briefs.

Van Deman & Lewis Company, a corporation, and five others, corporations and individuals, and others similarly situated, filed their bill of complaint against John W Rast, tax collector of Duval county, Fla., and the tax collectors of each county in the state, the different state's attorneys, county solicitors, and prosecuting attorneys of the circuits and counties of the state of Florida.

The bill of complaint alleges, among other things, that each of the complainants are engaged in business as merchants handling certain articles enumerated, at the sale of which it is the custom to give coupons, slips, certificates, or other tokens which are redeemable in merchandise or receivable in part payment for certain articles to be selected by the customer from a list of same furnished by the manufacturer in some instances and the merchant in others. This list is too long to be set out here.

The bill further alleges: That each of these complainants has been, long prior to the passage of the act hereinafter referred to, and still is engaged in the business of selling said goods or some of them, and giving these coupons, slips, certificates, or other tokens, redeemable as before mentioned. That trading stamps are substantially like some of the coupons or certificates before mentioned. That each of them carry largs stocks of said goods and other articles of merchandise. That coupons, slips, certificates, or other tokens are given by the different manufacturers of different lines of goods. That under the act of the Legislature, hereinafter referred to, each is liable to have his stock seized and his person imprisoned and exorbitant fines imposed, and his business broken up, and his avocation destroyed, and his customers driven away.

The bill further alleges that each of the complainants have paid all license taxes due to the state of Florida, or any county thereof, for carrying on the several businesses of each, other than the license taxes concerning any coupon, profit-sharing certificate, or other evidence of indebtedness or liability mentioned in the act to be referred to. Also that the amount required to be paid by each will be more than $3,000.

The bill further alleges: That at the session of the Legislature of the state of Florida, held during the year 1913, "chapter 6421, entitled an act imposing licenses and other taxes, providing for the payment thereof, and prescribing penalties for doing business without a license or other failure to comply with the provisions thereof," was passed by said Legislature and approved June 5, 1913, by the Governor of Florida, and then proceeds to attack section 35 of the act on various grounds as violating the Constitution of the state of Florida, the commerce clause of the Constitution of the United States, the fourteenth amendment to the same, and various other portions of the Constitution, specifically set out in the bill of complaint. Further that irreparable damage will occur to each by the seizure of their stocks of goods by the tax collectors of the several counties, etc., setting out the facts whereby such irreparable damage will occur. That the state's attorneys, county solicitors, and prosecuting officers do threaten to proceed against them to enforce by criminal proceedings said statute, etc. That the tax collectors of the different counties, acting under instruction from the comptroller of the state, are threatening to seize their stocks, etc., to enforce said license tax. The bill then prays for an injunction order, interlocutory and permanent, against the defendants, restraining and enjoining each of them from attempting to enforce said section 35.

The Attorney General of the state of Florida, specially appearing for each of the defendants, moved to dismiss the bill of complaint on the grounds:

(1) That no sufficient facts are averred in complainants' bill of complaint to authorize this court to take jurisdiction in this cause and enjoin and restrain the defendants, who are officers of the state of Florida, from the performance of the duties imposed upon them by the statute referred to, viz., section 35 of chapter 6421, Acts of 1913, Laws of Florida.

(2) That it appears from the averments of complainants' bill of complaint that complainants have a complete and absolute remedy at law.

(3) That it appears from the averments of complainants' bill of complaint that they seek to enjoin and restrain prosecuting officers of the state of Florida from the performance of their official duty in the enforcement of a criminal statute of the state of Florida, of a general and public nature.

(4) That it appears from the averments of the complainants' bill of complaint that they seek to enjoin an alleged threatened seizure of personal property of complainants in the enforcement of the collection of an alleged illegal tax.

(5) That it appears from the averments of complainants' bill of complaint that they seek to enjoin a threatened seizure of personal property of complainants in the enforcement of the collection of a tax

imposed by a statute of the state of Florida, of a general and public nature.

(6) That it does not appear from the facts averred in complainants' bill of complaint that an enforcement of the provisions of the statute referred to will regulate, hinder, restrain, prohibit, or destroy interstate commerce between the state of Florida and other states of the United States, in violation of the provisions, or any of them, of the Constitution of the United States.

(7) That it does not appear from the facts averred in complainants' bill of complaint that an enforcement of the provisions of the said statute will deprive or tend to deprive complainants of liberty or property without due process of law, in violation of the provisions, or any of them, of the Constitution of the United States.

(8) That it does not appear from the facts averred in complainants' bill of complaint that an enforcement of the provisions of the said statute will deny to complainants the equal protection of the law, in violation of the provisions, or any of them, of the Constitution of the United States.

(9) That it does not appear from the facts averred in complainants' bill of complaint that an enforcement of the provisions of the said statute will tend to impair contractual obligations of the complainants, in violation of the provisions, or any of them, of the Constitution of the United States.

(10) That it does not appear from the facts averred in complainants' bill of complaint that an enforcement of the provisions of the said statute will require or result in an arbitrary and unlawful classification of the business of complainants for purposes of taxation, in violation of the provisions, or any of them, of the Constitution of the United States.

The section of the act called in question by the bill of complaint reads as follows:

"Sec. 35. Merchants, druggists and storekeepers shall pay a license tax as follows: For the first one thousand dollars or fraction of one thousand dollars of stock of merchandise, three ($3.00) dollars in each county and for each place of business, and one and one-half ($1.50) dollars for each additional thousand or fraction thereof; but dealers in merchandise at wholesale only, shall pay a license tax of one and one-half ($1.50) dollars for each one thousand dollars of their stock of merchandise: Provided, that the words 'stock of merchandise,' shall be held to mean the cash value of the merchandise or goods on hand and not the amount of the capital stock invested in the business: Provided further, that any merchant keeping sewing machines in stock for sale in the same manner as other merchandise shall not be taxed as a sewing machine agent or dealer: Provided further, that each and every person, firm or corporation, who shall offer with merchandise bargained or sold in the course of trade any coupon, profit-sharing certificate, or other evidence of indebtedness or liability, redeemable in premiums, shall pay annually a state license tax of five hundred ($500.00) dollars, and a county license tax of two hundred and fifty ($250.00) dollars, in each and every county in which said business is conducted or carried on, and if more than one place of such business shall be operated by any person, firm or corporation, a separate state and county license shall be taken out for each such place; and no person, firm or corporation shall offer with merchandise, bargained or sold as aforesaid, any coupon, profit-sharing certificate or other evidence of indebtedness or liability, redeemable by any other person, firm or corporation than the one

offering the same without paying the above license for each other person, firm or corporation who may redeem the same. The license prescribed in this section shall be in addition to other licenses prescribed by this act. Any person violating any of the provisions of this section, whether acting for himself or as agent of another, shall on conviction thereof be punished by fine not exceeding one thousand dollars or .by imprisonment in the county jail not exceeding six months. * * * Merchants using trading stamps, shall pay a license tax of two hundred and fifty ($250.00) dollars for each place of business where they use such stamps."

This section also prescribes license taxes for mercantile agencies and merchant tailors. Chapter 6421, Laws of 1913, § 35.

The instant suit is brought by complainants and all others similarly situated against the tax collectors of the different counties, the state's attorneys for the several circuits, and prosecuting officers of the several counties to restrain them and each of them from enforcing the portion of section 35 of chapter 6421 of the Laws of Florida, requiring the payment of a license tax from those issuing coupons, certificates, etc., as mentioned in said election.

The jurisdiction of this court is invoked on the ground that the statute violates the interstate commerce clause of the Constitution of the United States, and the fourteenth amendment to the Constitution, in that it abridges the privileges and immunities of complainants and other citizens of the United States, and will deprive them of liberty and property without due process of law, and will deny to them the equal protection of the laws. Equity jurisdiction is invoked to avoid a multiplicity of suits and to prevent irreparable injury to the business and property of the complainants.

The Attorney General of the state of Florida, on behalf of the defendants, moves to dismiss the bill of complaint on the several grounds set out in his motion.

[1] The first and third grounds of the motion may be considered together. It is well settled that state officers may be enjoined. from threatened prosecutions to enforce a void statute, by, either civil or criminal proceedings, where property rights will be destroyed and irreparable damage be occasioned by such actions. Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169; Davis & Farnum Manufacturing Co. v. Los Angeles, 189 U. S. 207, 23 Sup. Ct. 498, 47 L. Ed. 778.

[2] The second, fourth, and fifth grounds of the motion may be disposed of together. The bill alleges a large number of persons interested, their liability to have their property seized, their business destroyed by such seizures and arrest, their customers lost and deprived of their avocations. Ordinarily the seizure of personal property will not be enjoined by a court of equity, but in the instant case under the allegations of the bill of complaint that such seizures and arrests, on account of the peculiar uses and character of the property, whereby they maintain their business and occupations, their losses would be impossible of ascertainment and computation, and thus they have no adequate remedy at law, and brings this case within the exception recognized by all the courts.

And it is on the theory that complainants in the cases had a complete, adequate, and sufficient remedy at law that the Supreme Court of Florida rendered the decision cited by the Attorney General in Odlin v. Woodruff, 31 Fla. 160, 12ˑSouth. 227, 22 L. R. A. 699, wherein they cite with approval the case of Baldwin v. Tucker, 16 Fla. 258, wherein the court says:

"Courts of chancery have uniformly refused to grant an injunction to restrain * * * a mere trespass, except in rare cases, where the mischief would be irreparable by reason of some extraordinary value or quality of the thing endangered."

The Supreme Court of the United States, in the case of Boise Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 29 Sup. Ct. 426, 53 L. Ed. 796, say:

"Equity will not interpose where there is a remedy at law which is as complete, practicable, and adequate as equity could afford. * * * Injunctions should not issue against the enforcement of the tax merely because it is unconstitutional or illegal, unless other circumstances bring the case within some clear ground of equity jurisdiction. Even though some states may, for convenience of remedy, permit equity to enjoin the collection of a tax for mere illegality, courts of a different and paramount sovereignty should not do so, and federal courts should not interfere by injunction with the fiscal arrangements of a state, if the rights involved can be preserved in any other manner."

The showing made by the bill of complaint that these complainants have large stocks of goods and merchandise subject to the very drastic exactions of this section of the statute, that they are under contract for the sale of such merchandise, and that the seizure of their stocks, and arrests, as threatened, will cause the loss of trade and customers, interrupt their business and occupations, cause the sacrifice of stock seized, and subject them to heavy fines, etc., in our opinion make such a case of irreparable damage to property and property rights as is properly cognizable in equity, and falls squarely within the rule laid down by the Supreme Court above quoted.

The second, fourth, and fifth grounds of the motion are not therefore well taken.

The sixth, seventh, eighth, ninth, and tenth grounds of the motion challenge the different allegations of the unconstitutionality set up in the bill of complaint and bring us to the consideration of the question whether the section violates the Constitution in any respect.

[3] The power of taxation is an incident to and inherent in every sovereign state and may be exercised to such an extent as to embarrass and even destroy, unless restrained from so doing by the organic law. Postal Telegraph Co. v. Charleston, 153 U. S. 699, 14 Sup. Ct. 1094, 38 L. Ed. 871; McCray v. United States, 195 U. S. 27, 24 Sup. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561; Kehrer v. Stewart, 197 U. S. 60, 25 Sup. Ct. 403, 49 L. Ed. 663.

[4] The fourteenth amendment to the Constitution of the United States declares that no state shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. And we may say in passing that the Constitution of the state of Florida contains the same

limitations on the action of the Legislature. This clause of the federal Constitution has been construed by the Supreme Court of the United States as a prohibition upon the states passing any law that would arbitrarily deprive a person of life or liberty or arbitrarily deprive him of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; and that no greater burdens should be laid upon one than are laid upon others in the same calling and condition. Missouri v. Lewis, 101 U. S. 22, 25 L. Ed. 989.

[5] The tenth ground of the motion contends that this section is not an unlawful and arbitrary classification of business for taxation.

Mr. Justice Harlan, in Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679, says:

"The difficulty is not met by saying that, generally speaking, the state, when enacting laws, may, in its discretion, make a classification of persons, firms, corporations, and associations, in order to subserve public objects. For this court has held that classification must 'always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis.' But 'arbitrary selection can never be justified by calling it classification. The equal protection demanded by the fourteenth amendment forbids this.'" Gulf, Col. & Santa Fé Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; Cotting v. Kansas City Stock Yards Co., 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92.

Is there a just basis for the classification attempted in this section of the act? Merchants, etc., all pay a tax according to the value of the stock carried by each, but, if they sell goods for which coupons, etc., are given by themselves or others, then they must pay this additional tax for each place of business in each and every county in which said business is conducted or carried on. And, if goods are offered for sale with which coupons are given redeemable by persons other than the seller, then this tax must be paid by him for each of said lines of goods. We can see no just basis for such classification. It is an arbitrary selection of one merchant for the imposition of a "greater burden" than that imposed on others in the same calling and condition.

The legality of what is generally known as the trading-stamp business has been generally affirmed by the courts, state and federal. The use of coupons, profit-sharing certificates, etc. is an entirely legitimate method of advertising, and the merchants, etc., employing this method are entitled to the protection of the Constitution of the United States. State v. Shugart, 138 Ala. 86, 35 South. 28, 100 Am. St. Rep. 17; Ex parte Drexel, 147 Cal. 763, 82 Pac. 429, 2 L. R. A. (N. S.) 588, 3 Ann. Cas. 878; Hewin v. Atlanta, 121 Ga. 723, 49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296; Commonwealth v Sisson, 178 Mass. 578, 60 N. E. 385; Long v. State, 74 Md. 565, 22 Atl. 4, 12 L. R. A. 425, 28 Am. St. Rep. 268, and many others cited in the case of Little et al. v. W. V. Tanner, as Attorney General, et al., 208 Fed. 605, Eastern District of Washington, recently decided.

The Attorney General in his brief refers to the act of the Legislature prohibiting the shipment of green fruit sustained and upheld by

214 F.—53

the Supreme Court of Florida, upon authority of the case of Savage v Jones, 225 U. S. 501, 32 Sup. Ct. 715, 56 L. Ed. 1182.

These cases, it seems to us, are not in point. Each of these cases was so decided because it was an exercise of police power for the protection of the health of the community. A legitimate subject for police regulation. As before pointed out, this coupon business is legitimate, in no way affecting the health or morals of the community.

We do not care, however, to consider the question whether the act violates the interstate commerce clause of the Constitution. Having reached the conclusion that the section violates the fourteenth amendment, it is unnecessary that we consider the other grounds of unconstitutionality alleged in the bill of complaint.

It is therefore ordered that the interlocutory injunction issue as prayed in and by said bill of complaint.

SHELBY, Circuit Judge (concurring). On the facts appearing in the record, I am of the opinion that the plaintiffs are entitled to the interlocutory injunction. I concur, therefore, in the order granting the same.

SHEPPARD, District Judge, concurs.