L. B. McDONALD, J. B. McDONALD AND A. W. McDONALD, TRADING AS McDONALD LUMBER COMPANY, *Appellants*, v. J. B. PADGETT, *Appellee*.

Section 1469 of the Revised Statutes, in giving a right to enjoin trespass to realty to any person claiming to own timbered lands in this State, does not confer such right upon one claiming to own only the turpentine in the trees with the privilege of cutting, boxing and scraping the trees.

This case was decided by Division B.

Appeal from Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Evans Haile* and *Horatio Davis* for appellants.

*Robert E. Davis* and *Jackson & Thomas* for appellee.

PER CURIAM.—The appeal here is from an interlocutory order for preliminary injunction against trespass to realty by cutting trees, granted under section 1469 of the Revised Statutes to one claiming to own "the turpentine in and on the pine trees" on the land in question with the privilege of cutting, boxing and scraping the said trees. The section referred to gives the right to injunction to "any person claiming to own any timbered lands in this State."

This was held in the recent case of *Doke v. Peek,* 45 Fla. 248, 34 South. Rep. 896, not to apply to the owner of growing timber upon land, and, *a fortiori,* does not give a right of action to one owning only the turpentine in the trees. No irreparable injury or other ground of equitable intervention is claimed.

The order granting the preliminary injunction is reversed.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur.

TAYLOR C. J., and SHACKLEFORD and HOCKER, JJ., concur in the opinion.