T. C. HALL AND W. R. BIGHAM, COPARTNERS UNDER THE FIRM NAME OF HALL & BIGHAM, APPELLANTS, v. L. HORNE, K. W. HORNE AND J. B. NORMAN, JR., COMPOSING THE PARTNERSHIP OF L. HORNE & COMPANY, APPELLEES.

1. A bill in chancery which states no cause for equitable relief is demurrable, and no restraining order or temporary injunction should be granted thereon.

2. If it is plainly apparent that a bill in chancery is without equity, an injunction should not be granted in the first instance, but, if granted, should be dissolved at the earliest opportunity by the court and the bill ordered dismissed.

3. Section 1469 of the Revised Statutes of 1892, in giving a right to enjoin trespass to realty to any person claiming to own timbered lands in this State, does not confer such right upon one claiming to own only the "turpentine boxes," or the turpentine in the trees with the privilege of cutting, boxing and scraping the trees.

4. In a suit in chancery seeking to enjoin the destruction or

injury of timber standing on land, not based on Section 1469 of the Revised Statutes of 1892, irreparable injury must be made to appear, and in the case of destruction or injury of "turpentine boxes" it must be alleged that they are of such peculiar value that their loss or destruction could not be susceptible of pecuniary compensation.

5.  In a suit in chancery seeking an injunction the title or interest of the complainant and the facts upon which he predicates his prayer for such relief must be stated positively, with clearness and certainty. The bill must state facts and not opinions or conclusions.

6.  The practice of granting a restraining order and allowing time in which to file an indemnity bond is unauthorized, except in that class of cases provided for in Section 1435 of the Revised Statutes of 1892, where it has been made satisfactorily to appear that the complaint is unable to give bond of indemnity or other security.

This case was decided by Division A.

Appeal from the Circuit Court for Sumter County.

## STATEMENT.

On the 9th day of April, 1906, the appellees filed their bill in chancery against the appellants in the Circuit Court for Sumter County, alleging therein, in substance, that appellees were and had been for many years engaged in the naval stores and turpentine business in the southern portion of Marion County; that appellants were engaged in the like business in the northern portion of Sumter County; that on the 2nd day of February, 1906, appellees purchased "certain old turpentine boxes," located on certain lands in Sumter County, which are described as far as

appellees are "able immediately to state them," "belonging to one Thomas Wilson" for the sum of three thousand dollars, and immediately took possession of "the said old turpentine boxes," which had been worked for turpentine purposes by appellees for a long time prior to the said date, and have continued in such possession and have been since said date continuously working such boxes; that the purchase money for such boxes was paid to Thomas Wilson by the agent of appellees; that, "notwithstanding the title and possession of said boxes" are in appellees, and although the full purchase price therefor has been paid by appellees to said Wilson, appellants "went with a force of convict hands under an armed guard to and upon the lands where said boxes are situated, informed your orators' hands that they intended to take possession of said boxes and pull and work the same, and ordered your orators' hands to leave and immediately proceeded to pull and work said boxes;" that appellees called upon W. R. Bigham, one of appellants, and remonstrated with him against such action and interference and demanded of him "to state what, if any, title, right or possession he had or claimed to have in and to" such boxes, and that he refused and failed to "show or disclose any legal or other claim or right or title to said boxes," but did announce that his purpose was to continue operating the same; that appellees did not know and had no information as to what claim, if any, appellants had to the turpentine boxes, but that, if they had any "claim of right or title," such claim was derived and obtained since appellees obtained their right and title to such boxes, and that appellants and each of them had actual notice of appellees' right and title to such boxes and of appellees' possession thereof before appellants acquired any claim thereto.

The prayers of the bill were for a temporary injunction or restraining order, the establishment of the title and possession of appellees in and to such boxes, a perpetual injunction and general relief.

The bill also contained the following allegation: "That no notice of this application for injunction has been given for the reason that the injury apprehended will be accomplished unless an immediate remedy is afforded, and that the said defendants, if given notice of said application, would be enabled by force and arms, by unlawful and violent means, to drive your orators' employes and hands entirely away from the said boxes, and thus gain an unlawful possession thereof, and that in order to protect the title and possession of your orators it is necessary that immediate relief be granted, and that a temporary restraining order be awarded to your orators, in order that their rights may be preserved, and that the defendants may not obtain unlawful advantage of your orators, and commit damage and waste in and upon said boxes."

The following affidavit was appended to the bill:

"State of Florida,
   Marion County.

R. L. Anderson being duly sworn says that he is attorney for the complainants in the above styled cause; that all of said complaints are now absent from the State of Florida; that the statements made in the foregoing bill of complaint are true as therein alleged.

Sworn to and subscribed before me this 9th day of April, A. D. 1906.                    R. L. ANDERSON.
   W. S. BULLOCK,
      Judge of Circuit Court."

33—S. C.

On the 9th day of April, 1906, the same day that the bill was filed, the court made the following order: "Upon reading and considering the foregoing bill of complaint, it is ordered and decreed that a temporary injunction be granted, restraining the defendants, their agents, servants and employes as therein prayed until the further order of this court, and that said complainants, within twenty-four hours, execute and file an injunction bond in the sum of one thousand dollars, with good and sufficient sureties to be approved by the court or its Clerk, said bond conditioned to pay to said defendants all damages which they may sustain by reason of the issuance of said restraining order, in the event same shall be dissolved, or the bill of complaint dismissed. Done at Chambers, Ocala, Florida, this April the 9th, A. D. 1906."

On the same day the appellees filed their bond, which was approved by the Clerk of the Circuit Court in and for Sumter County.

On the 26th day of April, 1906, appellants filed their answer to the bill of complaint, incorporating therein the following grounds of demurrer:

"1. That there is no equity in said bill.

2. That the complainants are not entitled to an injunction.

3. That the complainants do not seek specific performance of the alleged contract with the said Wilson, who is not made a party defendant.

4. That the description of the property is too indefinitely given to enable this court to issue an injunction or to take jurisdiction to enforce the alleged contract."

In view of the conclusion which we have reached, we

deem it unnecessary to set forth the averments of the answer, even in substance.

On the 26th day of April, 1906, a motion was filed by appellants to dissolve the temporary injunction upon the answer and demurrer incorporated therein, as well as upon "irregularities in the bond given by the complainants," and at the same time was filed a notice of calling up the motion for a hearing and the acceptance of service thereof by appellees.

On the same day appellees filed notice of a proposed amendment to their bill, which amendment was as follows:

"1. By adding to paragraph numbered two, the following: 'That the said Thomas Wilson would not execute to your orators or to anyone, any written instrument conveying the said turpentine boxes or turpentine rights, but would only agree to sell the said boxes, or the right to use the same, for the present season of 1906; that your orators had been using and working the said boxes for turpentine purposes for several years immediately preceding February 2, 1906, and that no once else during said time has or had been in possession thereof, and your orators not being able to obtain a written instrument from the said Thomas Wilson, paid the price for the said boxes demanded by the said Wilson, as aforesaid, for an extension of the right to work the said boxes for the season of 1906, and retained, and remained in possession thereof. Your orators further show that by reason of the fact that they have no perfect evidence of legal title to the said turpentine boxes which would be recognized in a court of law, but have only the possession of the said boxes purchased from the said Wilson, and the right to work and use the same for the season of 1906, for which they have

paid the said Wilson, as aforesaid, the rights of your orators can not be adequately and fully protected and preserved in a court of law, and only in a court of equity can fully protect your orators' rights and possession, and prevent the invasion thereof, and prevent the defendants from obtaining unlawful advantage of your orators. That the said Thomas Wilson resides beyond the limits of the State of Florida, to-wit: in the State of South Carolina.

2. By adding to the fifth paragraph of the said original bill, the following: That the said defendants, and each of them, know, and have known for several years past, that your orators were in possession of, and working the said boxes, and that the possession thereof had not changed, but has remained with your orators for several years prior to the year 1906. Your orators further say that they have learned since the bill herein was filed, that the defendants immediately before the granting of the said injunction and also immediately after the granting of the same, dipped a portion of the said boxes, and removed and took away the crude material and product, and converted the same to their own use, but the quantity of the said dip or crude material is unknown to your orators, as is also the number of boxes which the said defendants dipped, but your orators aver that the said dip and crude material are of considerable value, the amount and value of the said dip or crude material cannot be ascertained except by a discovery of the same by the said defendants, and by an accounting to be taken under the directions of this court of the said amount and value, without which accounting and discovery your orators state the amount and value of the said dip and crude material cannot be accurately and definitely ascertained.

3. By adding to the prayer of the said bill the following:

That the said defendants, and each of them, be required under oath to discover and show the number of boxes from which they have dipped and taken and removed the crude turpentine product, and also the amount of the said crude product taken therefrom, and also the value thereof, and that an accounting of the said dip and crude product may be taken as the court may direct, and that this court may make such decree in relation to the same, and to the payment by the said defendants therefor, as may be proper in a court of equity.'

R. L. Anderson,
Solicitor for the Complainants.

State of Florida,
County of Marion.

In person appeared before me the undersigned authority, H. P. Brown, who being sworn, says, that he is the manager and agent of the complainants in the above and foregoing cause, that said complainants are all absent from the State, and that he has read over the foregoing amendment to the original bill herein and that the same is true.
H. P. Brown.

Sworn to and subscribed before me,
this the 25th day of April, 1906.
W. W. Clyatt,
Notary Public, State of Florida."

On the same day various and sundry affidavits and exhibits were filed, but we see no useful purpose to be accomplished by setting them forth, or even giving a condensed statement thereof.

On the same day the court made the following order: "This cause came on to be heard on motion to dissolve the injunction heretofore granted in this cause and was argued

by the solicitors for the respective parties, and the same having been considered by the court, when it is made to appear that on this hearing the defendant has presented on argument his answer reserving a demurrer therein, and the complainant also applying for leave to file an amendment to the bill of complaint and all being considered at the same time, when it is ordered that the amended to the bill, to the filing of which at this time the defendant's solicitor objects, be and the same is allowed, and the same is filed by the court. That the demurrer reserved in the answer be and the same is overruled, with this exception, that the complainants are allowed five days from this date to file a new bond, payable in like sum and to the same parties and conditioned to pay to the defendants all costs, damages and expenses in case the said injunction is dissolved or the bill is dismissed. The motion to dissolve is now refused, but if the complainants do not file the bond as herein directed, then the motion to dissolve will prevail, and the bill, the injunction shall stand dissolved. Done at Chambers, in Ocala, Florida, April 26th, 1906.

W. S. Bullock, Judge."

Appellants entered their appeal from these two orders of the 9th and 26th days of April, 1906, to the present term of this court, assigning the following errors:

"1st. That the court erred in its order of the 9th of April, 1906, in granting a temporary injunction without notice to the defendants.

2nd. That the court erred in its said order in granting said temporary injunction without requiring proper bond of the complainants.

3rd. That the court erred in its said order in granting a temporary injunction to the complainants.

4th. That the court erred in its order of date the 26th of April, 1906, in allowing the complainants to amend their bill of complaint.

5th. That the court erred in its said order last aforesaid wherein he overruled the defendants' demurrer to the complainants' bill.

6th. That the court erred in its order last aforesaid in refusing defandants' motion to dissolve the injunction.

On account of said errors here severally assigned defendants pray that the said order may be set aside, vacated and annulled."

*Hocker & Duval,* for Appellants.

*R. L. Anderson,* for Appellees.

SHACKLEFORD, C. J. (*after stating the facts*) : We shall not undertake to treat the errors assigned in detail, as we see no useful purpose to be accomplished by so doing.

It is elementary, and has also been repeatedly enunciated by this court, that a bill in chancery which states no cause for equitable relief is demurrable, and it is equally well settled that no restraining order or temporary injunction should be granted thereon. Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, and authorities therein cited.

Appellees could not proceed under Section 1469 of the Revised Statutes of 1892, for the reason that said section

confers such right only upon persons "claiming to own any timbered lands in this State," not upon persons owning simply the timber upon the lands. Doke v. Peek, 45 Fla. 244, 34 South. Rep. 896; McDonald v. Padgett, 46 Fla. 501, 35 South. Rep. 336. If then this statute confers no such right to proceed, upon what ground of equity jurisdiction do appellees base their right to proceed in a forum of equity? In other words, what *locus standi* have they in such a forum? No irreparable injury or other ground of equitable interference is made to appear in the bill, the turpentine boxes not being alleged to be of such peculiar value that their loss or destruction could not be susceptible of pecuniary compensation. Carney v. Hadley, 32 Fla. 344, 14 South. Rep. 4, S. C. 22 L. R. A. 233, 37 Amer. St. Rep. 101; Woodford v. Alexander, 35 Fla. 333, 17 South. Rep. 658; Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859, S. C. 30 L. R. A. 754; Brown v. Solary, 37 Fla. 102, 19 South. Rep. 161. Also see Williams v. Peeples, 48 Fla. 316, 37 South. Rep. 572; Graham v. Herlong, 50 Fla. 521, 39 South. Rep. 111.

An inspection of the bill discloses that the title of appellees to the turpentine boxes, as well as their possession thereof and right to the possession, is alleged in the most general way, as well as is the interference by appellants. There is no ground of equity jurisdiction stated under which appellees could invoke the action of such court. See Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, decided since the appeal in the instant case was taken, wherein the subject is fully discussed and numerous authorities cited. The demurrer to the bill should have been sustained and the injunction dissolved. We also fail to see wherein the amendment allowed to the bill materially strengthens it or injects sufficient equity into

it to give it vitality. Even if it did, that would not cure the error committed by the court in granting the restraining order upon the original bill or lessen the force of the attack of the demurrer upon it. We fully approve of all that we said in Godwin v. Phifer, *supra,* both as to the granting of injunctions without notice as well as the other matters discussed therein, and see no occasion for repeating the language used therein here.

We also disapprove of the practice of granting a restraining order and allowing time in which to file an indemnity bond, and know of no authority for such practice. See Stockton v. Harmon, 32 Fla. 312, 13 South. Rep. 833. Section 1465 of the Revised Statutes of 1892 authorizes the granting of a restraining order without bond only when it has been made satisfactorily to appear to the Chancellor, as therein set forth, that the complainant is unable to give bond of indemnity or other security. This statute has no applicability to the instant case.

It necessarily follows from what we have said that the demurrer should have been sustained, the restraining order dissolved and the bill dismissed, therefore the orders appealed from must be reversed, with directions accordingly, at the cost of the appellees.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., disqualified.