W. C. McCALL, *et al., Appellants,* v. HUGH M. MATHESON, *Appellee.*

Opinion Filed November 18, 1913.

Where there is adequate remedy at law an alleged illegal levy of executions will not be enjoined, no ground for equitable relief being stated.

Appealed from Circuit Court, Dade County; L. W. Bethel, Judge.

Order reversed.

*G. A. Worley,* for Appellants,

*Hudson* & *Boggs,* for Appellee.

WHITFIELD, J.—Matheson filed a bill in equity alleging that McCall as a justice of the peace issued seven several summons *ad respondendum* directed to Matheson wherein seven different named persons respectively were plaintiffs; that said summons were served on Matheson who appeared in the actions; that the plaintiffs filed motions to dismiss the said actions at the cost of the several plaintiffs; that McCall disregarding the motions, and without due process of law, entered up seven purported judgments against Matheson for costs in stated amounts in said seven actions, and issued seven several writs of execution against Matheson for court costs and placed them in the hands of the sheriff for collection; that McCall fraudulently and without due process of law entered said judgments for costs against Matheson, who says that said judgments and the executions issued thereon are null, void and of no effect; that the defendant Sheriff "now has the said seven writs of execution in his hands and is threatening to levy the same upon the property of complainant, thus causing him great inconvenience, loss and detriment." It is prayed that McCall be required to show his authority for entering said purported judgments, and that said judgments be cancelled; that the sheriff be restrained and enjoined from levying said writs of execution or taking any steps to enforce the purported judgments. A demurrer to the bill was overruled, and the defendants appealed therefrom.

Without considering any other question, it is clear that there is an adequate remedy at law for an erroneous judgment and for an alleged illegal levy of execution "upon the property of" the complainant, and that no

ground for equitable relief is alleged.   See Metcalf v. Martin, 54 Fla. 531.

The order appealed from is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.