A. L. SMITH, *Appellant*, v. H. F. POWELL AND J. T. MAPOLES, *Appellees*.

Opinion Flied July 2, 1920.

1. An injunction should not be granted when the remedy at law is adequate.

2. In cases where there is a plain and adequate remedy at law, a resort to a court of chancery is unnecessary and improper.

3. Where it appears from the allegations of a bill that there is an adequate remedy at law, there is no jurisdiction in a court of equity to hear and determine the matter in controversy.

An Appeal from the Circuit Court for Okaloosa County; D. J. Jones, Judge.

Orders affirmed.

*W. J. Rice*, for Appellant;

*S. K. Gillis*, for Appellees.

WEST, J.—By his second amended bill in equity appellant, as complainant below, in substance alleged the making of a contract with appellee Powell on the 5th day of January, A. D. 1916, to purchase certain described land; appellant's entry into the possession of such land pursuant to the terms of the contract; the erection by him of a building thereon and the establishment of a business which he conducted in such building; his discovery thereafter that appellee did not own the land as represented at the time the contract was made and appellee's consequent inability to make a valid conveyance thereof to appellant; appellant's ability and willingness to perform the contract but failure to do so because of appellees' inability; the recovery by appellee of a verdict and judgment in a suit in ejectment against appellant for the possession of the property, and that such verdict and judgment were for various stated reasons void and unenforcable.

The prayer is for an injunction against the enforcement of the judgment and for specific performance of the contract.

The contract, which is made a part of the bill, contained a provision that appellant should remain in possession of the property during the time that he kept the terms of the contract; it provided for the payment of the consideration for said property in two equal installments, one payable thirty days after date and the other one year after date made the time of payment of the essence of the contract; and provided further that in default of the payment of either of the installments when due the right of the appellant to possession of the property or the improvements that he had placed thereon should terminate.

The judgment in ejectment was recovered on the 5th day of January, A. D. 1918, and the original bill was filed on the 15th day of February, A. D. 1918.

There was a demurrer to the bill upon the ground, among others, that it contained no equity. Upon a hearing this demurrer was sustained. Demurrers were also sustained to the original and the first amended bill. The appeal is from the several orders sustaining demurrers to the several bills and from an order dissolving a temporary injunction which had been granted in said cause and dismissing the bill.

There was no error in any of the orders appealed from. It is apparent from the allegations of the bill that there was, at the time of the institution of the suit, an adequate remedy at law. This being true, there was no jurisdiction in a court of equity to hear and determine the cause. The court below therefore properly sustained the several demurrers to the several bills and properly dissolved the temporary restraining order and dismissed the bill for the same reason. Barnett v. Hickson, 52 Fla. 457, 41 South. Rep. 606; Peacock et al. v. Feaster et al., 52 Fla. 565, 42 South. Rep. 889; Metcalf Co. v. Martin, 54 Fla. 531, 45 South. Rep. 463; Simmons v. Williford, 60 Fla. 359, 53 South. Rep. 452; McCall v. Matheson, 66 Fla. 157, 63 South. Rep. 701.

The orders appealed from are affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIFLD AND ELLIS, J. J., concur.