CITY OF TARPON SPRINGS, a Municipal Corporation, J. N. CRAIG, as Mayor Commissioner, ARCHIE CLEMENT, as City Attorney, W. W. CARTER, as Chief of Police, and H. JOE SMITH, as City Clerk, *Appellants,* v. ALEX CHRYSOSTOMIDES, *Appellee.*

146 So. 845.

Opinion filed March 1, 1933.

*Archie Clements,* for Appellants;

*C. Malcolm Hill, Jr.,* for Appellee.

PER CURIAM.—This is an appeal from the City of Tarpon Springs from an order granting an injunction against the collection of certain personal property taxes pursuant to a distress warrant issued by the City under Section 22 of Chapter 14427, Special Acts of 1929, page 2147, which is the Charter of Tarpon Springs.

Appellee has moved to dismiss the appeal as frivolous, basing his contention in regard thereto upon the asserted proposition that the allowance of a temporary injunction rests largely in the judicial discretion of the Chancellor, whose act in granting a temporary injunction pending final hearing will not be disturbed on appeal unless contrary to some rule of equity, or as a result of improvident exercise of judicial discretion. Allen v. Hawley, 6 Fla. 142; Taylor v. F. E. C. Ry. Co., 54 Fla. 635, 45 Sou. Rep. 574, 16 L. R. A. (N. S.) 307, 127 Am St. Rep. 155, 14 Ann. Cas. 472; Prendergast v. N. Y. Telephone Co., 262 U. S. 43, 43 Sup. Ct. 466, 67 L. Ed. 853.

We approve the soundness of the rule contended for but find that the allowance of the temporary injunction in the case at bar is not supported by any proper application of that rule.

Equally well settled in this State, is the rule that a bill stating no cause for equitable relief is demurrable, and no restraining order or temporary injunction should be granted thereon, and if granted, such injunction should be dissolved as soon as possible and the bill dismissed. Hall v. Horne,

52 Fla. 510, 42 Sou. Rep. 383; B. L. E. Realty Co. v. Williams Co. Inc., 101 Fla. 254, 134 Sou. Rep. 47.

There is nothing in the bill in the present case to show an equity entitling the complainant to an injunction, either temporary or permanent. The only equities attempted to be set up are (1) that Section 22 of the City Charter is unconstitutional because it authorizes the collection of delinquent personal property taxes by summary distress warrant, not issued out of any court and not returnable for hearing before any judicial tribunal; and (2) that under Section 11 of Article IX of the Constitution of Florida, complainant was entitled to a $500.00 personal property tax exemption, which was not allowed him on the property sought to be seized.

Section 22 of the City Charter reads in part as follows:

"Section 22. The City Clerk and Collector shall have the power to issue distress warrants and alias and pluries distress warrants in the name of the State and City to enforce the collection of taxes on personal property and privileges. Such warrants may be executed by the Chief of Police or any Constable or Sheriff * * *."

And Section 11 of Article IX of the Constitution reads as follows:

"Section 11. * * * and there shall be exempt from taxation to the head of a family residing in this State, household goods and personal effects to the value of Five Hundred ($500.00) Dollars."

The bill on its face shows that the personal property against which personal property taxes were assessed by the City, was not exempt under Section 11 of Article IX. That Section applies only to that particular and limited kind of personal property designated in that section as "household goods and personal effects." The property which was levied

on in this case is alleged to be an "extractor and washer" which are described as constituting a part of the appurtenances of a pressing club operated by appellee.

Such personal property as appurtenances and appliances of a pressing club cannot be held to be "household goods and personal effects" and is therefore not subject to the constitutional exemption from taxation given by Section 11 of Article IX as amended.

Neither can it be said that summary enforcement of delinquent personal property taxes by a distress warrant issued without a judicial proceeding to authorize it and without providing for a hearing with reference to the property levied on under such warrant, is unconstitutional or a deprivation of appellee's property without due process of law as claimed in the bill. This Court has held directly to the contrary as to the contstitutionality of such distress warrants, citing both State and United States Court cases to support its holding. See Simpson, Tax Collector v. Warren (not yet reported), opinion filed September 17, 1932.

It plainly appears that the bill of complaint is without equity as to either of the grounds upon which it was based, and it should have been dismissed and the temporary injunction denied:

Such a fatal defect in a bill for an injunction is noticeable in the Appellate Court which will, when its attention is called to the fatal insufficiencs of the bill filed in support of a temporary injunction the granting of which is appealed from, reverse the injunctional order and remand the cause with directions to dismiss the bill. First Nat'l. Bank of Leesburg v. MacKenzie, 100 Fla. 1674, 131 Sou. Rep. 790.

On motion by appellee to dismiss appeal, the injunctional

order is reversed and the cause remanded with directions to dismiss the bill.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.