I am of the opinion that a writ of certiorari should be issued, for the following reasons:
The respondent Harney filed his bill of complaint in the court below seeking to enjoin the petitioner, The Miami Beach First National Bank, from selling certain securities pledged by the respondent to secure a loan and to require the bank to deliver the securities back to the respondent.
The bill of complaint alleged, in substance, that the respondent Harney borrowed certain moneys from the bank in the sum of $30,000.00. The loan was evidenced by demand notes of Harney to the Bank and secured by certain shares of corporate stock pledged for the purpose. On or about June 1, 1948 the bank called the loan and advised Harney that on June 11, 1948 certain of the securities would be sold and the proceeds applied on the loan, unless in the meantime the debt for which the notes were given was paid. Between the time Harney received said notice and June 11, 1948 he reduced the loan to the sum of $21,341.23, including interest, and on June 11, 1948 tendered the full amount remaining due on the loan with interest. In spite of the fact that tender was made of all amounts due and owing on the loan, with interest, the bank refused to deliver to Harney the notes he had made or the securities which he had pledged for their payment. The reasonable market value of the securities is $38,000.00; the amount due and owing on the notes at the time of tender was only $21,341.23 including interest. Harney fears that unless restrained by the court the bank will dispose of the securities pledged by him to his irreparable injury.
Upon these allegations the trial court entered its order denying a motion to dismiss the bill filed by the defendant and entered a temporary restraining order enjoining the defendant from selling and disposing of the securities held by it as collateral. Subsequently, the defendant answered the bill and thereafter filed a motion to dissolve the injunction. The motion was denied and the defendant filed a *Page 790 
petition for rehearing. Rehearing was denied and the defendant then filed a motion that an injunction bond be required of the plaintiff pending the outcome of the litigation. This motion was also denied, and the defendant bank then came here by interlocutory certiorari asking this court to review the several adverse orders made in the cause.
It is my view that only the order denying the motion to dismiss the bill need be considered in order to dispose of the pending litigation.
The rule is well established that, except in peculiar or extraordinary cases, a bill in equity will not lie to redeem property from a pledgee, because the remedy at law upon a tender of the money is deemed to afford an ample remedy, either through a possessory action to recover the thing pledged or an action in trover to recover its value. Jones on Collateral Securities, 3d Ed., Sec. 556; 171 A.L.R. 238-240 annotations. Compare City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 So. 432; Pepper v. Beville, 100 Fla. 97, 129 So. 334; First Nat. Bank of Leesburg v. MacKenzie, 100 Fla. 1674, 131 So. 790.
No peculiar or extraordinary facts are shown justifying the interposition of a court of equity in the present controversy. The bank is not shown to be insolvent nor is it shown that the securities are of such peculiar intrinsic value that their loss cannot be compensated for in accordance with definite standards fixed for the ascertainment of damages. No accounting or discovery is asked for, and, indeed, could not have been under the allegations of the bill, for the amount due and owing the bank by the plaintiff was definitely known, as was also the amounts and descriptions of the securities held by the bank in pledge for the payment of the indebtedness. The statement of the plaintiff that he would suffer irreparable injury if the bank were allowed to dispose of the securities was a mere conclusion of the pleader, unsupported by any allegations of ultimate facts from which the court might have been able to determine whether or not the apprehended injury would, in truth, have been irreparable. Compare Thebaut v. Canova, 11 Fla. 143; Kooman, Florida Chancery Pleading Practice 611, 612, Sec. 270.
A bill stating no cause for equitable relief is subject to a motion to dismiss, and no restraining order or temporary injunction should be granted thereon. If upon such a bill a temporary injunction be granted, it should be dissolved as soon as possible and the bill should be dismissed. See Town of Orange City v. Thayer, 45 Fla. 502, 34 So. 573; Hall v. Horne, 52 Fla. 510, 42 So. 383; Metcalf Co. v. Martin, 54 Fla. 531, 45 So. 463, 127 Am.St.Rep. 149; Charlotte Harbor . N.R. Co. v. Lancaster,70 Fla. 200, 69 So. 720; B.L.E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47.
The motion to dismiss the bill of complaint in the instant case should have been granted on the ground that the bill was without equity, and consequent upon the entry of such order an order should have been entered denying the application for a temporary injunction. The temporary injunction having been entered on the allegations of the bill, it should have been dissolved upon the subsequent motion of the defendant to dissolve the injunction.
Accordingly, it is my view that a writ of certiorari should now be granted quashing the orders sought to be reviewed; namely, the order denying the motion to dismiss the bill and granting a temporary injunction, the order denying the motion to dissolve the injunction, the order denying the petition for rehearing, and the order denying the motion of the defendant below to require the plaintiff to give an injunction bond.
THOMAS, J., concurs. *Page 791