53 So.2d 913 (1951)
OVERSTREET et al.
v.
TUBIN et ux.
Supreme Court of Florida, Division B.
July 3, 1951.
Rehearing Denied September 6, 1951.
Weintraub, Martin & Schwartz, Miami, for appellant Earnest Overstreet.
Worley & Gautier, Miami, for appellant J.N. Lummus, Jr.
Hudson & Cason, Miami, for appellant Clarence M. Gay.
Hymen Lake, Miami Beach, for appellee Arthur I. Tubin.
Irving Cypen, Miami Beach, for appellee John Gross et ux.
ROBERTS, Justice.
The question presented calls for an interpretation of Section 7 of Article 10 of the Constitution, F.S.A., of this state, relating to the exemption of homesteads from taxation, and is stated by appellant as follows: "Under the provisions of Article 10, Section 7, Constitution of Florida, and 192.12 Florida Statutes [F.S.A.], is each unit of a duplex, or two-family structure, the ownership of which structure is in two parties, each owning a divided one-half of said structure, entitled to homestead exemption to the full extent of $5,000.00?"
Section 7 of Article 10 exempts homesteads up to the assessed valuation of $5,000.00 from all taxation, except for assessments for special benefits. It is further provided therein that "Said title may be held by the entireties, jointly or in common with others, and said exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear, but no such exemption of more than Five Thousand Dollars shall be allowed to any one person or any one dwelling house, nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation based on the interest owned by such person." (The emphasis is supplied.) The real property constituting a homestead is limited to one hundred and sixty acres of land and the improvements thereon, or the half of one acre within the limits of any incorporated city or town, including such improvements thereon as constitute the residence and business house of the owner. Section 1 of Article 10, Constitution of Florida.
*914 The structures here involved are so-called "duplex" or two-family dwellings, each unit being owned in fee simple by separate owners, having separate plumbing and electrical wiring, separate entrances and walkways, and being connected only by an eight-inch party wall. They are situated in an area within the City of Miami in which a two-family dwelling is permitted under the city's zoning laws; each separate unit could not, however, qualify as a one-family dwelling under such laws because of the lack of sufficient square footage in each separate lot and because of the inability to comply with the requirement of the zoning ordinance that there must be a side yard of five feet on both sides of a one-family dwelling.
The determination of the question here presented has not been an easy one, involving as it does a conflict between the benevolent policy of this state towards homesteads, on the one hand, and the obligation of the home owner to contribute his fair share towards the support of his government to whose protection he must look for the full enjoyment of his home, on the other hand. In our effort to reach a reasonable and just decision, we have looked into the laws of other states respecting the exemption of homesteads from taxation. Our research, using source material immediately available, reveals that, with but few exceptions, the homestead exemption laws of other states exclude taxes from the effect of the exemption provision. As stated by Waples in his work on "Homestead and Exemption," "Different terms are used, in different state statutes, to save the tax-claim from the effect of the exemption provision, but they are all meant to leave the remedy for the collection of taxes untouched, and they all have the same reason underlying them. The reason is that revenue must be had for the support of the state, the county or the municipality laying the assessment, and that property is the source when such revenue should be derived; and that, since homesteads are protected by the state and minor governments, they should bear their proportion of the burden, since there is no danger that a tax, which is never more than a small percentage of the property value, need ever deprive the owner of his home and leave his family shelterless."
Of those states which do exempt homesteads from taxation, it appears that only one other (Mississippi) exempts as much as $5,000 of the assessed valuation of the homestead from taxation. Thus, in Alabama and in Arkansas, the exemption is only $2,000 and is only from state ad valorem taxes, Alabama Code of 1940: Title 51, Section 15; Arkansas Statutes 1947: Title 84, Section 208; Michigan exempts homesteads of veterans, and the unmarried widows of veterans, up to $2,000, Michigan Compiled Laws 1948, Section 211.7; South Dakota exempts homesteads "from any tax imposed by the Legislature to defray the expenses of the state or to pay any deficiency thereof", South Dakota Code of 1939, Section 57.0311(7); Wyoming exempts homesteads from general taxation in the amount of $500. Wyoming Compiled Statutes 1945, Section 32-105. In Iowa, homesteads are exempt up to $2,500 under a system whereby the local taxing authorities are repaid an equal amount from the general fund of the state. Code of Iowa 1950, Section 425.1, I.C.A. It should also be noted that the Legislature of Wyoming in 1949, by Chapter 105, appropriated $1,250,000 for the biennium 1949-1951 to be paid to the counties of Wyoming for their loss of revenue because of the homestead tax exemption statute.
Under the Mississippi Act, Code of Mississippi 1942, Sections 9714 et seq., as amended by Chapter 261, Laws of Mississippi, Acts of 1946, the meaning of the words "home" or "homestead" is specifically defined; and it appears therefrom that each living unit in a building constructed as a dwelling for two or more families is deemed to be an "apartment", Section 9719, and that a "home" or "homestead" includes "the dwelling and the eligible land on which it is located, consisting of not more than two apartments". Section 9723e.
It thus appears that Mississippi and Florida are practically alone in their policy of withdrawing homesteads as a source of revenue for the support of local government. And while the definition of the *915 Legislature of Mississippi  which is, in effect, that a "duplex" is considered to be only one "dwelling"  is not, of course, binding on this court, it is at least persuasive. And we think such an interpretation is also in accordance with the rule laid down by this court in Steuart v. State ex rel. Dolcimascolo, 119 Fla. 117, 161 So. 378, 379, in construing the constitutional provision with which we are here concerned, as follows: "Exemptions from taxation, whether stated in the Constitution or in statutes, are to be construed against the claimant and in favor of the taxing power in cases of doubt."
It might also be noted that in most states, insofar as the exemption of homesteads from the claims of creditors is concerned, an owner who occupies as his family residence a part of a multiple dwelling house, such as a "duplex" or an apartment house, may properly claim the entire premises as his "homestead," notwithstanding the fact that a part of the dwelling is leased to tenants for residential purposes. See the cases collected in the annotation appearing in 128 A.L.R. at page 1431. Due, however, to our unusual constitutional provision, Section 1 of Article 10, which sets no limit on the amount to which the homestead realty is exempt from the claims of creditors  and we know of no other state in which such exemption is thus unlimited  this court early decided that in this state only that portion of a building actually occupied as a residence or business house is exempt. "Otherwise," as stated in Smith v. Guckenheimer, 42 Fla. 1, 27 So. 900, 915, "the skill of the architect can be utilized to annul or successfully evade the plain provision of the organic law, and the exemptor, by its use with a single building under one roof, with its many stories piled skyward, could not only fulfill the purpose of this law in supplying himself and family with a residence and business house, but, besides, could supply a score of other families with residences and business houses, to the great pecuniary advantage of himself, but to the great wrong and injury of his creditors. To prevent such a condition of affairs was the evident purpose of the quoted limitation of the constitution upon the urban homestead, when it declares, in effect, that the exemption provided for in cities and towns shall not include improvements and buildings that are not the residence and business house of the owner".
While there is no evidence here of bad faith on the part of the appellees, it is entirely possible that "the skill of the architect can be utilized" to plan a multiple dwelling containing even more than two units, each unit being separately owned, and together occupying less than the one-half acre contemplated under our Constitution as being the extent of only one homestead in cities and towns, and which would result in serious revenue losses to the local taxing authorities. Paraphrasing the language of this court in Smith v. Guckenheimer, above quoted, we think it may fairly be said that "To prevent such a condition of affairs was the evident purpose of the quoted limitation of the constitution upon the exemption of homesteads from taxation, when it declares that `no such exemption of more than Five Thousand Dollars shall be allowed to any one person or any one dwelling house, * * *.'" (Emphasis is supplied.)
We think, then, that the only reasonable interpretation of the words "dwelling house," as used in Section 7 of Article 10, is that the whole structure of a multiple dwelling house, rather than each separate unit thereof, is meant; and it follows, therefore, that each owner of a separate unit is entitled to claim only his proportionate part of the $5,000 tax exemption, based on his proportionate part of the assessed valuation of the entire structure.
For the reasons stated, the final decree appealed from, which held that the owner of each unit was entitled to a tax exemption to the full amount of $5,000, should be and it is hereby
Reversed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.