127 So.2d 683 (1961)
John A. GAUTIER, as Tax Assessor in and for Dade County, Florida, Appellant,
v.
STATE of Florida ex rel. Max SAFRA and Aurora Safra, his wife, Appellees.
No. 60-423.
District Court of Appeal of Florida. Third District.
March 9, 1961.
Rehearing Denied March 27, 1961.
*684 Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Miami, for appellant.
Henry R. Carr and William B. Seidel, Miami, for appellees.
HORTON, Chief Judge.
This appeal is from a final judgment awarding a peremptory writ of mandamus.
The appellant is the tax assessor of Dade County, and the appellees are owners of certain real property located within Dade County. The appellees made application to the appellant for homestead exemption for the year 1959. The appellant, on May 5, 1959, notified the appellees in writing that their application for homestead exemption had been granted to the extent of $1,250 valuation. The appellees instituted a mandamus proceedings contending that they were entitled to full homestead exemption of $5,000 as provided by law.
The appellees are the owners of a dwelling unit within a multiple family building, the various dwelling units being separated by party walls. The appellees purchased their home as a separate dwelling, received a separate deed, and encumbered the same to a lending institution and are assessed separately and apart from adjacent family owners.
The appellant, after the denial of his motion to quash, made return to the alternative writ and petition. The court then heard the matter as upon motion of the appellees for a peremptory writ notwithstanding the return, and finding that the return was insufficient as a matter of law, awarded a final judgment in mandamus to the appellees. It is from the final judgment that this appeal has been prosecuted.
The appellant strongly urges that the decision in this case should be governed by the rule announced in Overstreet v. Tubin, Fla. 1951, 53 So.2d 913. In this we concur. In the Overstreet case, the question posed to the court was, "Under the provisions of Article 10, Section 7, Constitution of Florida [F.S.A.], and 192.12 Florida Statutes [F.S.A.], is each unit of a duplex, or two-family structure, the ownership of which structure is in two parties, each owning a divided one-half of said structure, entitled to homestead exemption to the full extent of $5,000.00?" The Supreme Court of Florida, in answering this question in the negative, said:
"We think, then, that the only reasonable interpretation of the words `dwelling house,' as used in Section 7 of Article 10, is that the whole structure of a multiple dwelling house, rather than each separate unit thereof, is meant; and it follows, therefore, that each owner of a separate unit is entitled to claim only his proportionate part of the $5,000 tax exemption, based on his proportionate part of the assessed valuation of the entire structure."
Applying the rule in the Overstreet case to the facts in the case at bar, we find *685 references in the party wall agreement to "a building on Lot 23, * * * containing four individual and self contained dwelling units; * * *" and "each of the dwelling units in the building." These references to "dwelling units in the building" denote a monolithic structure divided into separate dwelling units, and as such, we conclude, would be within the definition of the Overstreet case.
The appellees urge a distinction in their case and the Overstreet case upon the primary basis of a singular assessment and ownership. In the Overstreet case it is claimed there was undivided ownership of a two-family duplex. We are unable to appreciate the distinction assigned to this by the appellees and conclude that if such exists, it is one without a difference.
We conclude that the Overstreet case is controlling and, accordingly the judgment appealed is reversed, and the cause is remanded with directions to quash the alternative writ and dismiss the petition.
Reversed and remanded with directions.
CARROLL, CHAS., J., concurs in the judgment.
PEARSON, J., dissents.
PEARSON, Judge (dissenting).
There is no doubt but that Overstreet v. Tubin, Fla. 1951, 53 So.2d 913, is controlling under the facts presented by this appeal. Nevertheless, the circuit judge had sound reason to support his decision. Where real property is described as a portion of a lot and block so that it may be separately assessed and levied upon, the incident that the building thereon has a party wall in common with a building on another portion of the lot and block does not, in ordinary language, deprive the first building of its character as a dwelling house. I would affirm in order to afford the Supreme Court an opportunity to re-examine the precedent.