QUESTION:
Do the furniture, fixtures, equipment, and furnishings located in common areas of condominiums, such as recreation rooms, exercise rooms, offices, and lobbies, qualify as household goods within the meaning of the Florida Statutes and are they thus exempt from the tangible personal property tax?
SUMMARY:
If condominium units are owned by persons residing thereon and making their permanent home therein, the furniture, tools and hobby equipment, appliances, and furnishings located in the common areas of said condominiums and which have retained their character as personal property are household goods and personal effects within the meaning of ss. 196.181 and 192.001(11)(a), F.S., and Rule 12B-1.101, F.A.C., because they are items of property normally found in a home and are used for the comfort of the owners and their families. Said items are exempt from the ad valorem tangible personal property tax pursuant to s. 196.181 in that said items are held jointly or in common with others.
You further note in your letter that in various cases the developer of the condominium will give the above-mentioned items of personal property to the homeowners' association after the project is completed or the developer or a separate corporation will lease said items to the association.
Your question is answered in the affirmative with the qualifications and exceptions as noted below.
Initially, I assume that none of the items of personal property mentioned in your question have become permanently affixed to the real property so as to become part of the realty themselves. See, Commercial Finance Co. v. Brooksville Hotel Co., 123 So. 814 (Fla. 1929) and Greenwald v. Graham, 130 So. 608 (Fla. 1930). If so, they lose their status as personal property and, of course, are not then subject to the personal property tax.
As a caveat, I note that since "fixtures" imply a permanent annexation or affixing to the realty, they would appear not to qualify as personalty and hence not as household goods. Kramer v. Beebe, 115 N.E. 82 (Ind. 1917). I also note that the question you have presented to me has apparently never been the subject of an appellate court decision in Florida or elsewhere, and there is, furthermore, very little study and comment on it by legal scholars. Accordingly, I have applied general principles of law to this specific factual setting to reach my decision.
With regard to the exemption from the tangible personal property tax for household goods and personal effects, the pertinent statutory provisions are as follows:
"There shall be exempt from taxation to every person residing and making his or her permanent home in this state household goods and personal effects. Title to such household goods and personaleffects may be held individually, by the entireties, jointly or incommon with others." (Emphasis supplied.) Section 196.181, F.S.
Household goods are defined as:
". . . [w]earing apparel, furniture, appliances, and other itemsordinarily found in the home and used for the comfort of the ownerand his family. Household goods are not held for commercial purposes or resale." (Emphasis supplied.) Section 192.001(11)(a), F.S.
Personal effects are stated to be "a category of personal property which includes such items as clothing, jewelry, tools and hobby equipment. . . ." Rule 12B-1.101, Florida Administrative Code.
Therefore, from the foregoing provisions, household goods and personal effects of an unlimited amount are exempt from taxation to every person residing and making his permanent home in this state; title to such property may be held jointly or in common with others; and household goods are defined by statute to be furniture, appliances, and other items ordinarily found in the home and used for the comfort of the owner or the family. Household goods would not include furnishings, appliances, or equipment used for a business or commercial purpose. City of Tarpon Springs v. Chrysostomides, 146 So. 845 (Fla. 1933).
I am not unmindful of the sometimes tortious progression of the law with regard to the real property homestead exemption of five thousand dollars for condominiums or other multiple dwelling units, which progression eventually led to statutory and constitutional changes granting the exemption to individual condominium units. See, Overstreet v. Tubin, 53 So.2d 913 (Fla. 1951); Gautier v. State, 127 So.2d 683 (3 D.C.A. Fla., 1961); Ammerman v. Markham, 222 So.2d 423 (Fla. 1969); and s. 196.031, F. S. (1972 Supp.). These precedents are not controlling as to the exemption of household goods and personal effects from the personal property tax as provided in s. 196.181, supra, because of the different requirements for the homestead real property tax exemption pursuant to s. 196.031, supra.
What is important in answering your inquiry regarding the exemption for household goods and personal effects from the tangible personal property tax is whether the items mentioned are in fact household goods or personal effects and whether the condominium unit owners own them "jointly or in common with others" within the meaning of the aforesaid s. 196.181 and Rule 12B-1.101.
The term household goods has been defined as "articles of household use of a permanent nature, which are not consumed in their enjoyment; articles with which a residence is equipped, other than fixtures, designed in their manufacture as instruments of the household. It fairly embraces articles commonly used in a family, including everything about the house that is usually held and enjoyed therewith, and that tends to the comfort and accommodation of the household . . . ."
The term personal effects is defined in Black's law dictionary as "articles associated with person, as property having a more or less intimate relation to person of possessor; `effects' meaning movable or chattel property of any kind." Personal effects is a term generally including such tangible property as is worn or carried about the person; effects movable or chattel property of any kind; goods and items of property having a more or less intimate relation to the person. Personal effects have been held to be personal property having a more or less intimate relation with person of the owner, such as wearing apparel, jewelry, baggage, silverware, etc. (Citations omitted.) Attorney General Opinion 065-19.
In light of the definitions of household goods and personal effects as defined above and in s. 192.001(11)(a), supra, and Rule 12B-1.101, supra, it is my opinion that household goods and personal effects located in common areas of condominiums include at least the following: furniture; equipment providing comfort or accommodation to the residents, including tools and hobby equipment found in recreation or exercise rooms; furnishings; appliances; and office equipment for the convenience of, and providing support or accommodation to, the residents or for their comfort.
As to the ownership of the common areas and improvements thereon, Ch. 711, F.S., provides as follows:
"Condominium is that form of ownership of condominium property under which units of improvements are subject to ownership by one or more owners, and there is appurtenant to each unit as partthereof an undivided share in the common elements. (Emphasis supplied.) Section 711.03(7), F.S. (2) There shall pass with a unit as appurtenances thereto: (a) An undivided share in thecommon elements. (Emphasis supplied.) Section 711.04, F.S. (1) Common elements includes within its meaning the following items:
* * * * *
(b) All parts of the improvements which are not included within the units.
* * * * *
(2) The declaration may designate other parts of the condominium property as common elements." (Emphasis supplied.) Section 711.06, F.S.
Since the above-quoted statutes grant to each condominium unit owner an undivided share in the common areas of the condominium and the improvements thereon, and since this ownership has been judicially recognized as in common with others (Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 [4 D.C.A. Fla., 1971], cert. denied, 254 So.2d 789 [Fla. 1971]), I conclude that at least for purposes of the ad valorem tangible personal property tax the said undivided shares of the common elements are within the meaning of a joint ownership or ownership in common as provided in s. 196.181, supra, and hence exempt from personal property taxation.
I note that for purposes of the federal income tax, if the condominium is used solely for residential purposes by the unit owners, then the unit owners will likely be treated as tenants in common as to the common areas and as individual owners of their own units. See, 25 New York University Institute Federal Taxation 79, 90 (1967) and University of Fla. L. Rev., 529, 533, Vol. XXI, No. 4, Spring 1969. It has also been suggested that there is no serious obstacle to applying the homestead exemption laws for real property not only to the condominium units themselves but to the units' proportionate interest in the common areas. [See] 15 Am.Jur.2d Condominiums, Etc. s. 15, p. 998. I likewise see no cogent reason why the household goods and personal effects tangible personal property tax exemption of s. 196.181, supra, should not be interpreted to include the unit owner's proportionate interest in the household goods located in common areas. I therefore conclude that in condominiums owned and occupied for residential purposes by the owners as their permanent home in this state, the personal property exemption for household goods and personal effects applies to, and is available for, appliances, furniture, tools and hobby equipment, etc., that are found in or upon or are part of the common elements of the condominium. It follows therefore that if the personal effects and household items of personalty referred to in your letter are owned by the developer and leased to the association, said items do not qualify as exempt household goods since they are not owned by the unit condominium owners and are being used for commercial purposes by the developer. If individual units of the condominium are vacant, occupied by nonowners such as lessees, occupied by owners who have not made their permanent home in this state, or still owned by the condominium developer or a corporation, the proportionate share of said units' interest in the personalty of the common areas would not qualify as exempt household goods or personal effects, since such entities or individuals do not constitute a "person residing and making his or her permanent home in this state" within the ambit of s. 196.181. If the common areas are rented by the association to others or otherwise used for a commercial trade or business, then the personalty thereon could not qualify as exempt household goods. Section 192.001(11)(a), supra. Allen v. Multnomah County, 173 P.2d 475 (Ore. 1946); Sigma Alpha Epsilon Frat. Ass'n. v. Board of Co. Com'rs, 485 P.2d 1297 (Kan. 1971).
I am not troubled by the fact that the common areas and the personal property therein are physically separated from the individual condominium units. Rather, s. 192.001(11)(a), supra, requires only that said items be "ordinarily found in the home." For example, if the items were located in or on garages, sheds, courtyards, or patios appurtenant to the owner's home, they nevertheless could not be excluded from the exemption on that basis alone. Although condominiums are ancient in concept and development (15 Am. Jur.2d Condominiums, Etc. s. 3, p. 982), nevertheless, they are increasingly utilized in Florida and, in fact, millions of dollars are invested in them annually. Sterling Village Condominium, Inc., supra. Like other forms of traditional family living or futuristic communal living, they should be afforded equal tax treatment if substantially identical in character.