BASKIN, Judge.
Elsa Glenn challenges the trial court’s grant of a preliminary injunction prohibiting Southern Bell Telephone & Telegraph Company from transferring the telephone number of the Glenn Rent-A-Car agency, operated by 1050 Corporation, to the Glenn Rent-A-Car agency, operated by Elsa Glenn. We affirm.
Elsa Glenn contends that 1050 Corporation lacked standing to interfere with her right to use her telephone number at her new business location. She maintains that because she originally obtained the number in her name and not in the name of Glenn Rent-A-Car, the number is hers even though the ear rental agency now operated by 1050 Corporation has been using the number for several years.
In an appeal of a temporary injunction, the burden is on appellant to demonstrate an abuse of discretion by the trial court. City of Tarpon Springs v. Chrysostomides, 108 Fla. 500, 146 So. 845 (1933). The purpose of a preliminary injunction is to maintain the status quo until final determination on the merits. Tamiami Trail Tours v. Greyhound Lines, 212 So.2d 365 (Fla. 4th DCA 1968). The posting of bond * is designed to compensate the defendant if the court should decide that the preliminary injunction was improper.
Because the trial court still must decide whether 1050 Corporation possesses a property interest in the telephone number, we decline to decide the issue at this time.
We find that appellant has failed to demonstrate an abuse of discretion on the part of the trial court. The trial court’s determination that appellee satisfied the conditions necessary for the entry of a preliminary injunction, see Cramp v. Board of Public Instruction of Orange County, 118 So.2d 541 (Fla.1960), is supported by competent substantial evidence. Accordingly, the order denying motion for rehearing and motion to dissolve injunction is affirmed.
Affirmed.

 The amount of bond set by the court is not at issue.